Jeffrey B. Harris, Esq. (SBN 202422)
jharris@klhipbiz.com
John S. Kyle, Esq. (SBN 199196)
jkyle@klhipbiz.com
Laura K. Gantney, Esq. (SBN 199297)
lgantney@klhipbiz.com
KYLE HARRIS LLP
2305 Historic Decatur Road, Suite 100
San Diego, CA  92106
Tel:    (619) 600-0086

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND VALLEY INVESTMENTS, LLC; PROMENADE SQUARE, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; WILL LIGHTBOURNE, Director, California Department of Healthcare Services; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  3:21-CV-01417-L-AGS<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [FED. R. CIV. P. 12(b)(6)]**<br><br>Date:         September 20, 2021<br>Time:        10:30 a.m.<br>Courtroom:    5B<br><br>Hon. M. James Lorenz<br><br>**NO ORAL ARGUMENT PURSUANT TO CivLR 7.1(d)(1)** |

## I. INTRODUCTION

BCHF's fundamental misunderstanding of the deficiencies in its SAC justifies dismissal of its entire case:

> *[T]he law does not care who caused Borrego's inflated cost reports…*
> It is then up to the federally funded healthcare facility to pursue the wrongdoers to "get the money back."

(Opposition ("Opp.") at 3:12-17) (emphasis added.). But of course, the law does care. Due process cares. BCHF must plead specific facts justifying relief. It has not. BCHF must state a plausible legal theory against Defendants to hold them liable. It does not. Even on its third attempt to plead a plausible claim on which relief can be granted under any theory, BCHF fails. Dismissal is warranted.

BCHF's vague, conclusory and inconsistent allegations such as "fraudulent scheme," "embezzlement scheme" and "related concealment," devoid of specificity against these Defendants, cannot survive a motion to dismiss. *Eclectic Properties East, LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 996 (9th Cir. 2014). BCHF's bombast is not particularized pleading under FRCP 9(b).

The statutes of limitations as to all claims have expired. BCHF fails to allege facts establishing that if it had exercised reasonable diligence, it could not have discovered the lease terms earlier than the October 2020 FBI raid on its offices. BCHF concedes that its Board was required to approve all major facility leases, that the leases were submitted in the ordinary course to regulatory agencies as required, that BCHF paid rent according to the leases for up to eight years, and that BCHF included the lease rates on its cost reports. The fact that Hebets was acting as BCHF's fiduciary does not have the effect of tolling all statutes of limitations applicable to claims **alleged against Defendants,** as urged by BCHF.

BCHF does not ask for leave to amend its SAC, nor specify how it would cure the substantial pleading defects. BCHF has had three opportunities to

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

properly plead plausible claims for relief against Defendants. The Court should grant Defendants' Motion to Dismiss without leave to amend.[1]

## II. ARGUMENT

### A. As To Claims One Through Six and Claim Eight, BCHF Fails To Demonstrate Against Any Defendant Either (a) Sufficient And Particularized Facts, Or (b) A Plausible Legal Theory

The gravamen of each and every claim for relief in the SAC is fraud. In its Opposition, BCHF does not contest this fundamental fact. Accordingly, BCHF must satisfy the particularity requirements of Rule 9(b). *Eclectic Properties East, LLC v. Marcus & Millichap* 751 F.3d 990, 999 n.5 (9th Cir. 2014). Remarkably, BCHF now contends it is not suing Defendants for fraud, that the scheme it alleges is solely based on the fraudulent conduct of Hebets and that it does not allege that Defendants conspired to commit such fraud:

> Borrego does not seek to hold them [Defendants] liable for damages for "conspiracy to breach a duty owed only by a fiduciary, or for conspiracy to commit constructive fraud. Rather, Borrego seeks to impose a constructive trust… (Opp. at 15:17-21).
>
> While Hebets concealed the fact that the leases were unreasonable in both price and duration from the Board, **no state cause of action pled in the complaint is premised on a conspiracy to commit fraud by fiduciary.** (Opp. at 2, fn1).

Thus, BCHF admits that it does not seek to hold Defendants liable for the purported fraud that underpins each and every one of its state claims for relief. Indeed, if BCHF intended to allege a conspiracy to defraud, it has not done so: (Motion at 9:19-10:15) If it is not suing Defendants for fraud or for conspiracy with Hebets to commit fraud, for what underlying wrong does BCHF contend Defendants are liable? It seems BCHF now concedes it cannot plead a claim for

---

[1] BCHF failed to timely file its Opposition, as the fourteenth calendar day prior to the hearing was Labor Day. The Opposition was due the prior Friday, September 3, 2021. But BCHF was tardy and filed its Opposition on Labor Day. CivLR 7.1.e.2 and Fed. R. Civ. P., Rule 6(a). The Court may grant Defendants' Motion on this basis alone. CivLR 7.1.f.3.c.

fraud or RICO violations with the requisite particularity, and is simply seeking to hold Defendants liable for Hebets' and its board's acts and omissions.

### 1. There Is Insufficient Factual Specificity To Support A Claim for Relief.

BCHF's only specific factual allegation is of a childhood friendship between Hebets and Priest, and an unspecified agreement between BCHF and a different Priest-affiliated business. The leases attached to the SAC reveal Defendants spent over $7,000,000 to acquire property to build-out first-class medical clinics to BCHF's specifications in exchange for BCHF's executory promises to pay rent and abide by the other commercially reasonable terms of the leases.

BCHF also makes vague reference, without citation to any authority, to a purported statutory requirement that all BCHF leases must not exceed an unspecified "fair market rent." BCHF further contends that such "fair market rent" may be determined at BCHF's whim between 5 and 9 years after any such lease is executed, by an unnamed "expert" of BCHF's choosing, using an unspecified methodology. From such contention, BCHF urges the court to "presume" Defendants were aware of such unspecified statutory scheme and intended to defraud the government. General conclusions and presumptions are not entitled to the presumption of truth, and must be ignored. *Eclectic Properties East*, supra, 751 F.3d at 996.

Meanwhile, BCHF continues in possession of three properties exceeding 70,000 square feet, while not paying over $300,000 in monthly rent. These are the rights BCHF has carved out for itself since January, based on the single factual allegation that its CEO was friends with the Landlords' owner over 40 years ago when they were in high school. This case cries out for dismissal.

There are no specific allegations of any wrongdoing on Defendants' part. No allegations support an inference that any Defendant had the necessary specific intent to defraud, as required for all of BCHF's claims to survive a motion to dismiss. See *Eclectic Properties East, supra,* at 993-994; *Vess v. Ciba-Geigy Corp.*

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

(9th Cir. 2003) 317 F.3d 1097, 1105, 1007 (holding that a claim under California law "grounded in fraud" must specifically allege facts to support an inference of a specific intent to defraud and failure to do so should result in dismissal of the complaint or claim.).

BCHF's opposition blithely argues a scheme of "embezzlement," yet offers no specific facts to support such a defamatory conclusion, which in any event is not a claim upon which relief can be granted. Under California law, embezzlement is a criminal act. Cal. Pen. Code § 503 ("Embezzlement is the fraudulent appropriate of property by a person to whom it has been entrusted.") There is no civil claim for embezzlement under California law. *Sharp v. Nationstar Mortg., LLC*, 701 F.App'x 596, 598 (9th Cir. 2017).

**2. The Far More Plausible and Innocuous Explanation is That the Lease Rates Reflect the Substantial Investments and Risk Defendants Assumed**

BCHF's entire theory is not merely bereft of factual support, it is implausible on its face. Plaintiffs must include sufficient "factual enhancement" to cross "the line between possibility and plausibility." *Bell Atlantic v. Twombly,* 550 U.S. 544, 557 (2007). When considering plausibility, courts must consider an "obvious alternative explanation" for defendant's behavior. *Iqbal* at 682. To render plaintiff's allegations plausible after a defendant has proposed an alternative explanation, the plaintiff must plead facts tending to exclude the possibility that the defendant's explanation is true. *Eclectic Properties East, supra* at 996-997 (finding purchasers of real property failed to plausibly plead a fraudulent scheme, and holding that where allegations only reveal companies engaging in facially legitimate transactions, paying rent for years and otherwise acting as routine participants in American commerce, a significant level of factual specificity is required to allow a court to infer reasonably that such conduct is plausibly part of a fraudulent scheme).

As discussed in Defendants' moving papers, by far the more plausible, innocuous explanation is that Defendants invested over $7 million to acquire, build

out and rent to BCHF three properties totaling approximately 70,000 square feet when Defendants faced grave risks in doing so, and reasonably priced the risk-adjusted lease rates accordingly. As in *Eclectic Properties*, BCHF paid rent without complaint for 8 years. Only after BCHF's offices were raided and DHCS demanded appointment of a "monitor" with no prior experience at BCHF did BCHF stop paying rent and file its lawsuit claiming fraud.[2] The Court can call on its common sense to realize building a white elephant in the desert with few tenant prospects outside a FQHC subsidized by the government is a risky proposition. That Defendants priced the leases according to such risks is not fraud.

> **B.    Defendants' Receipt of Rent Payments Was Not Wrongful and Does Not Justify a Constructive Trust**

To plead entitlement to constructive trust, BCHF must plead that Defendants obtained a *res* through some wrongful act. *Calistoga Civic Club v. City of Calistoga*, 143 Cal. App. 3d 111, 115 (1983). Stated otherwise, **the defendant** against whom the plaintiff seeks to impose a constructive trust must have engaged in wrongful conduct. In the *Calistoga* case, the court specifically found the defendant had engaged in wrongdoing in the form of numerous misrepresentations over a period of years. *Calistoga Civic Club, supra,* at pp. 116-117.

A constructive trust is 'not an independent cause of action but merely a type of remedy....' *Kenneally v. Bank of Nova Scotia*, 711 F.Supp.2d 1174, 1190 (S.D. Cal. 2010). A party may only plead the remedy of constructive trust where it also pleads a cognizable substantive claim for which the constructive trust remedy is available. See, e.g., *Deutsche Bank Nat. Trust Co. v. F.D.I.C.,* 784 F.Supp.2d 1142, 1163 (C.D. Cal. 2011). Accordingly, BCHF must plead some substantive claim against Defendants (such as fraud—which BCHF now admits it does not plead

---

[2] The February 27, 2021 Agreement ("Agreement" attached as Exhibit 2 to Defendants Request for Judicial Notice ("RJN")) and resulting August 3, 2021 Corrective Action Plan ("CAP" attached as Exhibit 1 to Defendants' RJN) obligate BCHF to follow the dictates of the monitor under threat of having its reimbursements suspended. (See Agreement at Dkt. No. 7-2 at p. 800:1-8.) It also requires "timely payment of all costs and fees associated with the independent monitor's services." (See Agreement at Dkt. No. 7-2 at p. 799:11-12.)

against Defendants[3]). Without a cognizable claim against these Defendants, the remedy of constructive trust is unavailable.

The essence of constructive trust is to prevent unjust enrichment and **to prevent a person from taking advantage of his or her wrongdoing.**" *Communist Party v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 990 (1995). (emphasis added). Here, BCHF seeks to impose a constructive trust on Defendants specifically for BCHF to benefit from BCHF's own wrongdoing—after all, Hebets was BCHF's agent, not Defendants'; his wrongdoing is BCHF's wrongdoing, not Defendants'. BCHF seeks to impose a Constructive Trust on Defendants as a result, it argues, "of the constructive fraud perpetrated by Hebets, albeit perpetrated with the defendants' full knowledge." (Opp. at 15:17-21). Such a remedy is unavailable against Defendants for the alleged misconduct of BCHF's own CEO.

### C. BCHF Fails To Demonstrate That Its Fraud-Based Claims, Including Its RICO Claims Against Defendants, May Be Tolled

Hebets' status as BCHF's fiduciary did not toll the statutes of limitations as BCHF contends. BCHF cites no authority holding that a fiduciary's breach of duty tolls statutes of limitation indefinitely as to third parties. Indeed, in the two cases BCHF does cite, the defendant asserting the statute of limitations was plaintiff's own fiduciary who had been sued and was alleged to have concealed the fraud, thereby tolling the SOL as against him. *Davis v. Kahn*, 7 Cal.App.3d 868 (1970) and *Fuller v. First Franklin Financial Corp.*, 216 Cal.App.4th 955 (2013) (emphasis added.). But BCHF is not suing Hebets. BCHF is suing Defendants. BCHF does not—and cannot—allege that any Defendant (a) owed a fiduciary duty to BCHF or (b) concealed anything from BCHF. The doctrine of fraudulent concealment is properly invoked "if a plaintiff establishes affirmative conduct

---

[3] BCHF's first claim is identified as one for "Fraud" on the cover sheet of the SAC, and as "Imposition of a Constructive Trust" in the title of the First Cause of Action. (SAC at 15:19-20)

**upon the part of the defendant** which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." *Pincay v. Andrews*, 238 F.3d 1106, 1110 (9th Cir. 2001) (emphasis added). BCHF fails to allege any Defendant did anything to mislead BCHF. Moreover, BCHF now disclaims any fraud by Defendants and any conspiracy to defraud. Thus, Hebets' alleged concealment does not toll any statute of limitation as to Defendants and BCHF has cited no legal authority establishing that it does.

Moreover, as stated in the case BCHF cites, "ordinarily a party to a contract cannot justifiably claim unawareness of the express provisions of a contract." *Fuller, supra*, at p. 964. Hebets signed the leases on behalf of BCHF, not Defendants. He was BCHF's CEO and agent. As such, BCHF cannot rely upon Hebets' alleged concealment to disclaim awareness of the subject leases. This is especially true where, as here, BCHF makes no attempt to explain why the Board could not have exercised even minimal diligence to review the leases, which were admittedly among BCHF's corporate records the government seized in October 2020. (Opp. at 14:5-7). Because BCHF points to nothing that any Defendant did to mislead BCHF as to BCHF's potential claims, BCHF has not properly alleged tolling of the statute of limitations.

### D. BCHF Fails To Plead Multiple Claims To A Single Fund As Required To Support Interpleader

An interpleader claim in federal court must satisfy the federal interpleader rules regardless of whether the party filed the complaint pursuant to California Code of Civil Procedure ("CCP") § 386. See, e.g., *Mt. Hawley Ins. Co. v. Federal Sav. & Loan Ins. Corp.*, 695 F.Supp. 469, 473 (C.D. Cal. Oct. 1987). In federal court, whether a party brings an interpleader action pursuant to statutory interpleader or rule interpleader, it must satisfy the single fund rule:

> An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory

7
REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SAC

> interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund.

*Mack v. Kuckenmeister*, 619 F.3d 1010, (9th Cir. 2010), (quoting *Rhoades v. Casey*, 196 F.3d 592 (5th Cir. 1999)).

Here, BCHF does not assert that DHCS is claiming the right to receive rent from BCHF for the properties owned by Defendants. No authority is offered to support DHCS's right to do such a thing. Nor could it. Defendants own the properties at issue; DHCS owns nothing. Instead, BCHF speculates that DHCS might, at some unspecified time in the future, retract its previous approvals of the leases and if it does, DHCS might possibly seek to recoup funds previously reimbursed. Such speculation does not mean DHCS is not now making a claim for the rent money BCHF owes to Defendants.

Moreover, even if the federal court could follow California law concerning CCP §§ 386 to 386.6 (and it cannot), the cases BCHF cites do not support interpleader under the facts alleged here. "If the claims do not relate to the same thing, debt, or duty, then interpleader is improper." *City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1123 (discussing CCP § 386, subd. (b)); *Placer Foreclosure, Inc. v. Aflalo* (2018) 25 Cal.App.5th 1109, 1116 (recognizing that in *City of Morgan Hill*, there was no interpleader action because all that existed was a "possible eventual right to a judgment that might be satisfied" out of the disputed funds); *Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 72 (stating that "[a]lthough section 386 has broadened the scope of the interpleader remedy, it is still required that the claimants seek the same thing, debt, or duty."); and *Hancock Oil Co. v. Hopkins* (1944) 24 Cal.2d 497, 504-505 (allowing tenant, an oil company, to claim interpleader because the lessor and a third party both claimed the right to receive the rents and royalties that tenant was obligated to pay under the lease).

Notably, the court in *City of Morgan Hill v. Brown* recognized that where one of the alleged claimants to the interpleader fund assists the purported

stakeholder in obtaining the interpleader remedy against the party legally entitled to the fund, the remedy is not being used as a protection for the stakeholder, but as, in effect, an attachment; such "a result does violence to the concept of interpleader as an equitable proceeding." *Id.* at 1126.  (Opp. at 8:8-25, 9:7-22, and Exhibits 1-3 attached to Defendants' Request for Judicial Notice.)  This is particularly true here, where BCHF knows DHCS is not a claimant to the rent BCHF owes Defendants, and where BCHF has failed to serve DHCS with any of its 3 complaints, including the SAC, as required by Fed. R. Civ. Pro 4.  That BCHF has not served DHCS in over three months is practically an admission that DHCS is not a claimant.

### E. BCHF Alleges No Predicate RICO Acts That Can Constitute Racketeering Under 18 U.S.C. § 1961(1)

In its opposition, BCHF states the "predicate acts consisted of entry into, and amendment of, the several leases resulting in the submission of inflated expense reports to the United States, which in turn kept the supply of stealable cash flowing to Borrego." (Opp. at 21:1-4)  Even if BCHF had made these allegations in its SAC (and it did not), such allegations are not requisite predicate acts under RICO.

First, BCHF was the one submitting its cost reports to the United States (Opp. at 1:20-23); Defendants were in no way responsible for the submission of such cost reports.  Second, BCHF has not cited any legal authority holding that the conduct alleged against the Defendants (entering into leases, investing over $7,000,000 to acquire and build tenant improvements for BCHF's benefit and accepting payments pursuant to the leases) constitutes acts indictable under 18 U.S.C. §1961(1).

### F. BCHF Admits It Fails to Adequately Allege A RICO Enterprise

BCHF does not address Defendants' argument that the SAC is devoid of any facts that Defendants participated in the operation or management of BCHF (the enterprise), as required to meet 18 U.S.C. § 1962(c).  Accordingly, BCHF tacitly concedes that it has failed to state a claim under section 1962(c).

BCHF suggests it may be able to amend its theory of enterprise to one of an associated-in-fact enterprise. BCHF, however, fails to tell the Court what facts would support the three elements required to plead such a theory. Certainly BCHF's current allegations do not provide a basis from which to find Defendants acted in concert to do anything more than perform routine commercial activity, which is inadequate to allege an associated-in-fact enterprise. *In re Outlaw Laboratory, LP Litigation,* No. 18-cv-840-GPC-BGS, 2020 WL 5552558, at *15 (S.D. Cal. Sept. 16, 2020); s*ee also In re Jamster Mktg. Litig.*, No. 05-CV-0819-JM, 2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009) (finding that plaintiffs failed "to set forth sufficient allegations to distinguish ordinary business conduct from fraudulent conduct" as to the enterprise members individually). The Court should not permit further amendment anyway given that the SAC is BCHF's third attempt to plead cognizable claims for relief.

### G. BCHF Fails To State A Conspiracy Claim Under Section 1962(d)

A defendant may be held liable for conspiracy under 18 U.S.C. § 1962(d) only if he "knowingly agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise." *U.S. v. Fernandez*, 388 F.3d 1199, 1290 (9th Cir. 2004). BCHF has not alleged that any of the Defendants made any agreement with Hebets. Simply put, without more detailed allegations, BCHF does not state a plausible RICO conspiracy claim. What the SAC and its attachments (the leases, as amended) reveal is an ordinary commercial transaction which BCHF now wishes to get out of because things are different than they were when the leases were signed. Cf. *Eclectic Properties East, LLC,* supra, 751 F.3d 997-999.

Dated: September 13, 2021

By: s/ *John S. Kyle*
John S. Kyle, Esq.
Jeffrey B. Harris, Esq.
Laura K. Gantney, Esq.
KYLE HARRIS LLP

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND VALLEY INVESTMENTS, LLC; and PROMENADE SQUARE, LLC