| | |
|---|---|
| 1 | Jeffrey B. Harris, Esq. (SBN 202422) |
| | jharris@klhipbiz.com |
| 2 | John S. Kyle, Esq. (SBN 199196) |
| | jkyle@klhipbiz.com |
| 3 | Laura K. Gantney, Esq. (SBN 199297) |
| | lgantney@klhipbiz.com |
| 4 | KYLE HARRIS LLP |
| | 2305 Historic Decatur Road, Suite 100 |
| 5 | San Diego, CA  92106 |
| | Tel:    (619) 600-0086 |
| 6 | |
| 7 | Attorneys for Defendants |
| | DRP HOLDINGS, LLC; INLAND |
| | VALLEY INVESTMENTS, LLC; |
| 8 | PROMENADE SQUARE, LLC |

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation, <br><br>Plaintiff, <br><br>v. <br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; WILL LIGHTBOURNE, Director, California Department of Healthcare Services; and DOES 1 through 50, inclusive, <br><br>Defendants. | CASE NO.  3:21-CV-01417-L-AGS <br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [FED. R. CIV. P. 12(b)(6)]** <br><br>Date:          September 20, 2021 <br> Time:         10:30 a.m. <br> Courtroom:  5B <br><br> Hon. M. James Lorenz |

## REPLY IN RESPONSE TO PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

On August 20, 2021, Defendants DRP Holdings, LLC, Inland Valley Investments, LLC and Promenade Square, LLC (collectively, "Defendants") filed a Motion to Dismiss the Second Amended Complaint ("SAC") of Plaintiff Borrego Community Health Foundation ("BCHF").  (Dkt. No. 6)  In support of their Motion to Dismiss, Defendants filed a Request for Judicial Notice ("RJN").  (Dkt. No. 7)  Defendants submit this Reply in response to the Response and Objections filed by BCHF in opposition to the RJN ("Response").  (Dkt. No. 11)

### I. BCHF DOES NOT OBJECT TO THE COURT TAKING JUDICIAL NOTICE OF THE CONTENTS OF EXHIBITS 1 AND 2.

In its Response, BCHF does not assert any objections to the Court taking judicial notice of the contents of the documents that Defendants attached to the RJN as Exhibit 1 and Exhibit 2.  In fact, BCHF includes in its Response numerous excerpts from Exhibits 1 and 2, and discusses them at length.  (Response at 4:1-5:17, 7:12-8:19)  Further, BCHF does not object to or question the authenticity of Exhibits 1 and 2.  Accordingly, when ruling on Defendants' Motion to Dismiss, the Court may consider the contents of Exhibit 1 and Exhibit 2.

### II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE CONTENTS OF EXHIBIT 3 BECAUSE EXHIBIT 3 IS AN ATTACHMENT TO EXHIBIT 1.

BCHF asserts no specific objections to the Court taking judicial notice of the contents of Exhibit 3.  Likewise, BCHF does not question the authenticity of Exhibit 3.  Instead, BCHF claims that the Court could exercise its discretion to deny Defendants' request to take judicial notice of Exhibit 3 because Defendants did not specifically cite to Exhibit 3 in Defendants' Motion to Dismiss.

As explained in the Declaration of John S. Kyle, Esq. In Support of Defendants' Motion to Dismiss ("Kyle Decl." at Dkt. No. 6-2), counsel for BCHF

emailed to counsel for Defendants as a single 26-page PDF labeled "Borrego Correct Action Plan 8-3-21 w attachments." (Kyle Decl. at ¶ 2) For the convenience of the Court and the parties, Defendants divided that 26-page PDF into three (3) separate exhibits, which were attached to the RJN. (Kyle Decl. at ¶¶ 3-5) Defendants cite to and explain the significance of Exhibits 1 and 2 in their moving papers. (Mot. at 20:14 to 21:2, and 20, fn9)

Notably, Exhibit 3 (the DHCS and Borrego Term Sheet bearing signatures dated January 27, 2021) was one of the attachments included in the August 3, 2021 letter that the DHCS sent to Borrego, which is now identified in the RJN as Exhibit 1 (Exhibit 1, stating on the first page at the second paragraph "On January 27, 2021 and February 26, 2021, DHCS and Borrego entered into a Term Sheet and a Stipulated Agreement (The Agreements), respectively" and "We have attached the Agreements to this correspondence for your convenience.") Moreover, BCHF asserts that all three Exhibits attached to the RJN "support plaintiff's course of conduct here." (Response at 10:3-9) Because BCHF relies on and does not question the authenticity of Exhibits 1-3, because Defendants rely on and cite to Exhibits 1 and 2, and for the sake of completeness, Defendants respectfully request the Court also take judicial notice of Exhibit 3.

### III. THE COURT NEED NOT ACCEPT AS TRUE BCHF'S ALLEGATIONS THAT CONTRADICT JUDICIALLY NOTICEABLE FACTS.

The Court need not accept as true allegations that contradict matters properly subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); see also *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

BCHF continues to misrepresent the directive it received from DHCS. That is the precise reason that Defendants asked the Court to take judicial notice of the

statements in Exhibits 1 through 3 attached to the RJN. Specifically, while BCHF repeatedly urges the Court to accept that "DHCS directed it to suspend payments for fair market rent," that is **not** what Exhibit 1 states. Rather, Exhibit 1 makes clear that DHCS directed BCHF to accomplish at least **one** of five potential courses of action, including (1) renegotiating the terms of the leases, (2) terminating the leases **by mutual agreement** of the parties, or (3) evaluating the legality of the leases and determining the legal options for restructuring the leases. (Exhibit1 to RJN, at Dkt. No. 7-1, pages 792-793) (emphasis added). DHCS did not instruct BCHF to remain in possession of the three properties and stop paying all rent to Defendants. But that is the independent path that BCHF chose.

### IV.  DEFENDANTS DID NOT ASK THE COURT TO INCORPORATE BY REFERENCE INTO BCHF'S SAC THE EXHIBITS ATTACHED TO THE RJN.

BCHF appears to be confused by Defendants' request that the Court take judicial notice of statements in Exhibits 1-3 when the Court evaluates Defendants' Motion to Dismiss. At no time did Defendants ask the Court to incorporate any exhibits into BCHF's SAC.

### V.  CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Request for Judicial Notice in its entirety.

Dated:  September 13, 2021       By:  s/ *John S. Kyle*
　　　　　　　　　　　　　　　　　　　　John S. Kyle, Esq.
　　　　　　　　　　　　　　　　　　　　Jeffrey B. Harris, Esq.
　　　　　　　　　　　　　　　　　　　　Laura K. Gantney, Esq.
　　　　　　　　　　　　　　　　　　　　KYLE HARRIS LLP

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　DRP HOLDINGS, LLC; INLAND VALLEY INVESTMENTS, LLC; and PROMENADE SQUARE, LLC