Jeffrey B. Harris, Esq. (SBN 202422)
jharris@klhipbiz.com
John S. Kyle, Esq. (SBN 199196)
jkyle@klhipbiz.com
Laura K. Gantney, Esq. (SBN 199297)
lgantney@klhipbiz.com
KYLE HARRIS LLP
2305 Historic Decatur Road, Suite 100
San Diego, CA 92106
Tel: (619) 600-0086

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND
VALLEY INVESTMENTS, LLC;
PROMENADE SQUARE, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; WILL LIGHTBOURNE, Director, California Department of Healthcare Services; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 3:21-CV-01417-L-AGS<br><br>**NOTICE OF RELATED CASES PURSUANT TO CIVLR 40.1**<br><br>Hon. M. James Lorenz |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that the above-entitled action is related to a Complaint in Unlawful Detainer filed by Defendant herein, Inland Valley Investments, LLC ("Inland Valley"), against Plaintiff herein, Borrego Community Health Foundation ("BCHF"), on or about November 5, 2021, in the Superior Court of the State of California, for the County of San Bernardino, Civil Division, Department S23-SBJC, the Honorable Donald Alvarez presiding. Specifically, Inland Valley filed a case entitled *Inland Valley Investments, LLC v. Borrego Community Health Foundation*, as Case No. LLT SB 2100009, to regain possession of commercial property located at 750 East Main Street, Barstow, California 92311, to declare a forfeiture of the lease, and to recover unpaid rent and other related damages ("Barstow Unlawful Detainer Action").

PLEASE TAKE FURTHER NOTICE that the above-entitled action is also related to a Complaint in Unlawful Detainer filed by Defendant herein, DRP Holdings, LLC ("DRP Holdings"), against Plaintiff herein, BCHF, on or about November 5, 2021, in the Superior Court of the State of California, for the County of San Bernardino, Civil Division, Department S24-SBJC, the Honorable Gilbert Ochoa presiding. Specifically, DRP Holdings filed a case entitled *DRP Holdings, LLC v. Borrego Community Health Foundation*, as Case No. LLT SB 2100008, to regain possession of commercial property located at 590 North D Street San Bernardino, California 92401, to declare a forfeiture of the lease, and to recover unpaid rent and other related damages ("San Bernardino Unlawful Detainer Action").

Defendants herein, Inland Valley and DRP Holdings, file this Notice of Related Case pursuant to CivLR 40.1, subdivision (f). The Barstow Unlawful Detainer Action is related to the instant case in that Inland Valley and BCHF are

parties to both actions, and both actions concern the same commercial lease which was executed on February 2, 2016. However, the Barstow Unlawful Detainer Action is solely one for recovery of possession and past due rent under California's unlawful detainer statutes (Code of Civil Procedure § 1161 et seq.), based on BCHF's failure to make any rent payments since April 2021 and refusal to vacate the premises. The Barstow Unlawful Detainer Action is between two California business entities and is based entirely on California state law and the summary proceedings available to landlords when possession is at issue.

Likewise, the San Bernardino Unlawful Detainer Action is related to the instant case in that DRP Holdings and BCHF are parties to both actions and both actions concern the same commercial lease which was executed on September 15, 2015. The San Bernardino Unlawful Detainer Action is solely one for recovery of possession and past due rent under California's unlawful detainer statutes, based on BCHF's failure to make any rent payments since April 2021 and refusal to vacate the premises. The San Bernardino Unlawful Detainer Action is between two California business entities and is based entirely on California state law and the summary proceedings available to landlords when possession is at issue.

As a matter of law, neither the Barstow Unlawful Detainer Action nor the San Bernardino Unlawful Detainer Action may properly be removed to federal court. Federal district courts have original jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. This Court may not exercise diversity jurisdiction over either the Barstow Unlawful Detainer Action or the San Bernardino Unlawful Detainer Action because the parties to each of those actions are California business entities. The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal courts have no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state court. *See, U.S. Bank National Assoc. v. Somo*, No. 19-CV-2248-CAB-MSB, 2019 WL 6318511, *1 (S.D. Cal. Nov. 26, 2019) (remanding unlawful detainer action to state court where plaintiff's complaint asserted a single claim for unlawful detainer under California state law); *Muhammad v. N. Richmond Senior Hous., Inc.*, No. 15-CV-00629-WHO, 2015 WL 1154209, at *2 (N.D. Cal. Mar. 13, 2015) ("California federal courts have repeatedly held that unlawful detainer cases brought under California's unlawful detainer statute do not raise federal questions."); *Fed. Nat'l. Mortg. Ass'n v. Enshiwat,* No. 12-631 CAS (CWx), 2012 WL 683106, at *1 (C.D. Cal. Mar. 2, 2012) ("Unlawful detainer actions are strictly within the province of state court.") (quotations omitted). Further, a case may not be removed to federal court on the basis of a federal defense. *Caterpillar Inc.*, 482 U.S. at 393; *see also Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998) ("a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."); and *Takeda v. NW Nat. Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (removability cannot be created by defendant pleading a counter-claim presenting a federal question). Accordingly, neither the Barstow Unlawful Detainer Action

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

nor the San Bernardino Unlawful Detainer Action may properly be removed to federal court, nor otherwise be consolidated with the instant case.

Dated: November 16, 2021      By: s/ *John S. Kyle*
                                                John S. Kyle, Esq.
                                                Jeffrey B. Harris, Esq.
                                                Laura K. Gantney, Esq.
                                                KYLE HARRIS LLP

                                                Attorneys for Defendants
                                                DRP HOLDINGS, LLC; INLAND VALLEY INVESTMENTS, LLC; and PROMENADE SQUARE, LLC