UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION. | Case No.:  3:21-cv-1417-L-AGS |
| Plaintiff, | |
| v. | **ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| INLAND VALLEY INVESTMENTS, LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' motion to dismiss. Plaintiff filed an opposition, and Defendants replied. The Court decides the matter on the papers submitted without oral argument. Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** the motion as to the civil Racketeer Influenced and Corrupt Organizations ("RICO") claim **WITH LEAVE TO AMEND**. The Court declines to exercise supplemental jurisdiction over the state law claims.

**LEGAL STANDARD**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

1    The Court must accept as true all factual allegations in the complaint and draw

2    reasonable inferences from those allegations in the light most favorable to the plaintiff.

3    *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

4        **BACKGROUND**

5        Plaintiff Borrego Community Health Foundation ("BCHF") is a non-profit

6    corporation and federally qualified health center that provides healthcare to individuals in

7    underserved communities. (ECF 1, Amended Complaint at 1). BCHF operates over 20

8    clinics throughout San Diego, Riverside, and San Bernardino counties.

9        Defendants Promenade Square, LLC, DRP Holdings, LLC, and Inland Valley

10   Investments, LLC (collectively, "Defendants") develop, own, and lease commercial

11   properties. Daryl Priest ("Priest") is their sole member and manager. Priest and BCHF's

12   former chief executive officer, Bruce Hebets ("Hebets"), were longtime personal friends.

13   Defendants leased three health care clinics to BCHF. Certain BCHF board members and

14   former executives, including Hebets, were responsible for those leases, which were

15   executed in September 2012, September 2015, and February 2016. BCHF alleges this

16   happened without its Board of Trustee's informed consent.

17       Hebets retired from BCHF in 2018. BCHF continued to lease the three properties

18   from Defendants. BCHF entered into an amendment to the 2012 lease in December 2019.

19       In October 2020, law enforcement authorities conducted a raid at BCHF's offices

20   related to other matters. After that, BCHF alleges it reviewed numerous contracts,

21   including the three leases. BCHF obtained an independent appraisal that concluded the

22   rent was substantially more than market value and the lease terms were excessive.

23       In June 2021, BCHF initiated this action. BCHF asserts a RICO claim and several

24   state law claims against Defendants related to the rent paid under the three leases.

25       **DISCUSSION**

26       Defendants move to dismiss all claims in the amended complaint. The Court will

27   address the federal claim first.

28

3:21-cv-1417-L-AGS

1    "The RICO statute sets out four elements: a defendant must participate in (1) the

2    conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of

3    racketeering activity." *Eclectic Props. E., Ltd. Liab. Co. v. Marcus & Millichap Co.*, 751

4    F.3d 990, 997 (9th Cir. 2014); *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir.

5    2007) (*en banc*).

6    Here, Defendants argue BCHF failed to plausibly allege the "conduct" element.

7    "To conduct or participate, directly or indirectly, in the conduct of such enterprise's

8    affairs . . .  one must participate in the operation or management of the enterprise itself."

9    *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)*; Walter v. Drayson*, 538 F.3d 1244,

10   1249 (9th Cir. 2008) ("one can be 'part' of an enterprise without having a role in its

11   management and operation. Simply performing services for the enterprise does not rise to

12   the level of direction, whether one is 'inside' or 'outside.'") (internal citation omitted).

13   BCHF asserts it was the RICO enterprise. *United Energy Owners Comm., Inc. v.

14   United States Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 362 (9th Cir. 1988) ("plaintiffs are

15   free to allege that they or one of their members is a RICO enterprise or part of a RICO

16   enterprise."); *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 194 (9th Cir. 1987) ("the

17   enterprise that [plaintiff] has alleged in its complaint is [plaintiff] itself.") But there are

18   no factual allegations in the amended complaint as to Defendants' participation in

19   BCHF's operation or management. BCHF also failed to respond to Defendants' conduct

20   argument.[1] For these reasons, the RICO claim is subject to dismissal.[2]

21   There are likewise insufficient factual allegations as to the purported "racketeering

22   activity." The RICO statute defines "racketeering activity" as "any act . . . indictable

23   under" certain enumerated federal criminal statutes. 18 U.S.C. § 1961(1). BCHF cites

---

[1] Failure to respond to an argument might amount to waiver. *See Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000) (failure to raise argument in opposition to summary judgment motion constitutes waiver); *Image Technical Service, Inc. v. Eastman Kodak*, 903 F.2d 612, 615 n.1 (9th Cir. 1990); *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005).

[2] BCHF contends it may plead an alternative enterprise theory if given leave to amend.

3:21-cv-1417-L-AGS

several federal healthcare offenses, asserting its submission of cost reports to government agencies for reimbursement violated those statutes. (Opposition at 21). But BCHF fails to plead factual allegations to support each statutory element.[3] The RICO claim is subject to dismissal for this reason as well.[4] *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (analyzing whether plaintiff adequately pled racketeering activity alleged in the complaint); *Alan Neuman Prods., Inc.*, 862 F.2d at 1392 (plaintiff failed to state a RICO claim because they did not adequately plead the elements of the predicate act).

Defendants also argue the RICO claim is barred under the statute of limitations. Plaintiff disagrees.

"A claim may be dismissed under [Federal Rule of Civil Procedure 12(b)(6)] on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks and citation omitted). But it "cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id*. (internal quotation marks and citation omitted).

The statute of limitations for civil RICO claims is four years. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987); *Rotella v. Wood*, 528 U.S. 549, 552 (2000). The Ninth Circuit applies the "injury discovery" rule to determine when the statute of limitations accrues. *Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996). Under that rule, it "begins to run when a plaintiff knows or should know of the injury that underlies [their] cause of action." *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001) (internal quotation marks and citation omitted). "The plaintiff need not

---

[3] When fraudulent acts are the predicate offenses, a plaintiff must satisfy the particularity requirement under Federal Rule of Civil Procedure 9(b). *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988).

[4] "Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); *Sanford*, 625 F.3d at 559.

4

3:21-cv-1417-L-AGS

discover that the injury is part of a 'pattern of racketeering' for the period to begin to run." *Grimmett*, 75 F.3d at 510 (internal citation omitted). "The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." *Pincay*, 238 F.3d at 1110 (internal quotation marks and citation omitted).

Again, here, BCHF's RICO claim is based on the three leases its former chief executive officer signed with Defendants. BCHF alleges the rent was substantially more than market value and the terms were excessive.

BCHF, based on its factual allegations, was injured in 2012, 2015, and 2016, when the three leases were originated. BCHF had access to the records related to the leases and submitted annual cost reports, which included rent, to government agencies. In December 2019, BCHF, through a new chief executive officer, executed an amendment to the 2012 lease. (*See* Amended Complaint, Exhibit A). Plaintiff initiated this action in June 2021. (*See* ECF 1). Based on the current factual allegations, the running of the statute is apparent. *See, e.g., Pincay*, 238 F.3d at 1109-10 (receipt of a written disclosure of one's purported injury constitutes constructive notice sufficient to start the limitations period running).

BCHF alternatively argues the statute of limitations was equitably tolled. "Equitable tolling doctrines, including fraudulent concealment, apply in civil RICO cases." *Grimmett*, 75 F.3d at 514. "The doctrine is properly invoked only if a plaintiff establishes affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." *Pincay*, 238 F.3d at 1110 (internal quotation marks and citation omitted); *Grimmett*, 75 F.3d at 514 ("the doctrine of fraudulent concealment is invoked only if the plaintiff both pleads and proves that the defendant actively misled [them], and that [they] had neither actual nor constructive knowledge of the facts constituting [their] cause of action despite [their] due diligence."); *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000) ("fraudulent concealment necessarily requires active conduct by a defendant,

*above and beyond the wrongdoing upon which the plaintiff's claim is filed*, to prevent the plaintiff from suing in time.") (emphasis added).

There are no factual allegations in the complaint to support equitable tolling. BCHF does not allege Defendants engaged in conduct to prevent them from filing this action on time. (*See* Opposition at 14:10-12) (arguing BCHF's former chief executive officer, Hebets, and "others" engaged in active efforts to prevent it from filing the action). Although BCHF argues its reliance on fiduciaries, like Hebets, tolled its state law claims, BCHF does not present that same argument as to its RICO claim. (*See* Opposition at 13-14). The Ninth Circuit has held, in the civil RICO context, "that constructive notice begins to run the statute of limitations regardless of any fiduciary relationship." *Pincay*, at 1109.

BCHF also argues the statute of limitations for a RICO conspiracy claim runs until the scheme's objectives are accomplished or abandoned. (ECF 10 at 19-20). BCHF does not cite Ninth Circuit or Supreme Court precedent to support that assertion. Instead, BCHF cites *United States v. Wilkerson*, 966 F.3d 828, 840 (D.C. Cir. 2020). But that is a criminal case. Their reliance on it is hence misplaced: "[The Supreme Court] recognizes RICO's criminal statute of limitations runs from the last, *i.e.*, the most recent, predicate act. But there are significant differences between civil and criminal RICO actions, and this Court has held that criminal RICO does not provide an apt analogy." *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 188 (1997). The civil RICO statute is focused on injuries. *See* 18 U.S.C. § 1964(c). The statute of limitations is meant, in part, to motivate plaintiffs to be diligent and seek relief once they discover (or should discover) the injury, not wait for those injuries (and treble damages) to increase. *See Klehr,* 521 U.S. at 187 (the civil RICO statute "encourage[es] [potential private plaintiffs] diligently to investigate" their claims). BCHF's above contention conflicts with that purpose.

Again, it is well established under Ninth Circuit law that the statute of limitations for a civil RICO claim begins to run when a plaintiff knows or should know of their injury. *Stitt v. Williams*, 919 F.2d 516, 525 (9th Cir. 1990). That includes conspiracy

1  claims. *See, e.g., Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir. 1984) ("the civil remedy
2  provision's focus upon injury as opposed to existence of a conspiracy suggests that the
3  normal federal rule on accrual should apply to civil RICO actions alleging conspiracy.")

4       Overall, as alleged, the amended complaint shows the RICO claim is barred under
5  the applicable statute of limitations.[5] BCHF also failed to plead any equitable tolling.

6       For all the reasons stated above, the Court **GRANTS** Defendants' motion as to the
7  RICO claim.

8       Defendants argue the Court should dismiss the action without leave to amend
9  because BCHF has already amended the allegations. However, until now, there has been
10  no ruling on the sufficiency of the complaint. BCHF might cure the above deficiencies,
11  including the statute of limitations issue, if given leave to amend. Fed. R. Civ. P. 15;
12  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court thus **GRANTS** its
13  request. *See, e.g.*, *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993).

14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26
27
28

---

[5] BCHF does not raise any argument under the "separate accrual rule." *See Grimmett*, 75 F.3d at 513 (9th Cir. 1996).

3:21-cv-1417-L-AGS

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** the motion as to the RICO claim (ninth cause of action) **WITH LEAVE TO AMEND**.[6] The Court declines to exercise supplemental jurisdiction over the state law claims. *Sanford*, 625 F.3d at 561 ("a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.") (internal quotation marks and citation omitted). BCHF has until **March 22, 2022**, to file an amended complaint.[7] Defendants shall have the time set forth under Federal Rule of Civil Procedure 15 to file a response.

**IT IS SO ORDERED**.

Dated:  March 7, 2022

Hon. M. James Lorenz
United States District Judge

---

[6] Because the Court has not relied on the documents Defendants requested it judicially notice, it **DENIES** their request without prejudice.

[7] BCHF should consider all the arguments raised in Defendants' motion to dismiss when amending its allegations.

8

3:21-cv-1417-L-AGS