John S. Kyle, Esq. (SBN 199196)
jkyle@klhipbiz.com
Jeffrey B. Harris, Esq. (SBN 202422)
jharris@klhipbiz.com
Laura K. Gantney, Esq. (SBN 199297)
lgantney@klhipbiz.com
KYLE HARRIS LLP
2305 Historic Decatur Road, Suite 100
San Diego, CA  91206
Tel:    (619) 600-0086

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND VALLEY INVESTMENTS, LLC; PROMENADE SQUARE, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 3:21-CV-01417-L-AGS<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [F.R.C.P § 12(b)(6)]**<br><br>Date:          May 9, 2022<br>Time:          10:30 a.m.<br>Courtroom:   5B<br><br>Hon. M. James Lorenz<br><br>**NO ORAL ARGUMENT PURSUANT TO CIV. L.R. 7.1** |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS TAC

## I. INTRODUCTION

Borrego Community Health Foundation's ("BCHF" or "Plaintiff") Opposition adds nothing to the record already before the Court. BCHF cites no relevant or binding legal authority to avoid dismissal. Instead, BCHF regurgitates the facts set forth in its Third Amended Complaint ("TAC") without adding anything that could change the outcome on this motion. It is a tale "full of sound and fury. Signifying nothing."[1]

BCHF evidently still misunderstands its pleading obligations with respect to avoiding dismissal of all of its claims on statute of limitations grounds.

- BCHF's TAC repeats the same facts from its SAC that establish constructive notice, and foreclose any showing of reasonable diligence. (TAC at ¶¶27-29 and ¶115, subparas. (b) and (d)).

- The separate accrual rule cannot save BCHF's time-barred RICO claim because Defendants' continued acceptance of rent payments stems directly from the leases; simply put, acceptance of the rent payments is not a new and independent act that will restart the statute of limitations as a matter of Ninth Circuit law.

- BCHF cannot rely on the representations or concealment of Hebets, as its fiduciary, to relieve BCHF of its duty of inquiry with respect to all claims asserted **against Defendants**. BCHF does not allege that *Defendants* are BCHF's fiduciaries, nor could it. BCHF cites no authority in which a plaintiff may rely on the fraudulent concealment doctrine in an action against a non-fiduciary.

Additionally, BCHF cites no binding authority demonstrating that the factual allegations **against Defendants** in its TAC are adequate to support either its RICO claim or its related fraud-based state claims. With respect to the RICO claim, BCHF's repeated, conclusory allegation that Defendants took "over operations and management of the BCHF's facilities procurement" (TAC at ¶ 7) is simply not supported by detailed factual allegations the Ninth Circuit requires. Likewise, BCHF added no facts to the TAC which would satisfy either this Court's standards or California state court requirements for pleading fraud with particularity.

BCHF has had three opportunities to amend its claims. In its most recent Order (ECF 15), the Court provided BCHF with substantial guidance about how to amend

---

[1] Shakespeare, William. *Macbeth,* Act 5, Scene 5, lines 25-27.

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

its claims. BCHF was unable and/or unwilling to plead the necessary facts to sustain its claims. Because BCHF has caused the Defendants and this Court to expend substantial time and resources—including two rounds of motions—the Court should now exercise its discretion and dismiss all of BCHF's claims with prejudice.

## II.   ARGUMENT

### A. District Courts Regularly Grant Motions To Dismiss On Statute of Limitations Grounds

BCHF outrageously suggests that this Court cannot dismiss its claims on statute of limitations grounds because statute of limitations is an affirmative defense. (ECF 21 at 10-11). That suggestion is contrary to well-established Ninth Circuit law and is a vast underestimation of the Court's discretion. "A claim may be dismissed under [Federal Rule of Civil Procedure 12(b)(6)] on the ground that it is barred by the applicable statute of limitations only when [as here] the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("Where the facts and dates alleged in the complaint indicate that the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies."). The Court may dismiss each and every claim here because "the facts and dates alleged in the complaint indicate that the claim is [time] barred." This is true even though expiration of the limitations period is an affirmative defense. Federal Rule of Civil Procedure 9(f) "makes averments of time and place material for the purposes of testing the sufficiency of a complaint."

### B. BCHF Had Either Actual Or Constructive Notice Of BCHF's Alleged Injuries Before The Limitations Period

BCHF concedes that it suffered its alleged injuries on the three dates when it entered into each of the leases. (ECF 21 at 15:21-27). BCHF likewise concedes that its RICO claim is time-barred if it was aware of its injury, or if a reasonably diligent investigation would have led BCHF to discover its injury, more than four years before BCHF filed this action. (ECF 21 at 11:22-27 and 15:25-26). BCHF's claim should

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

be dismissed if it appears that BCHF "can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2020) (internal quotation marks and citation omitted).

It is apparent from the TAC that BCHF's RICO claim is time-barred:

- "BCHF owns none of its own facilities" (TAC at ¶33);
- Its Board of Trustees ("Board") must oversee "BCHF's placement of facilities leases" (TAC at ¶8);
- All facility "leases require Board of Trustee's [sic] approval" (TAC at ¶33), and "all facility lease terms must be presented to the Board of Trustees for review (TAC at ¶34);
- "BCHF operates 26 clinics" (TAC at ¶1);
- BCHF entered into the three leases with Defendants (TAC at ¶¶26 and 35);
- BCHF has been making rent payments to Defendants "since inception" of the leases (TAC at ¶29);
- Financial reports to the Board include "rents paid on all 25 facilities" (TAC at ¶36, subpara. (a));
- "BCHF must account for its lawful operating expenditures every year to the Center for Medicare and Medicaid Services (CMS)," and BCHF has accounted for and reported to CMS all of the rent payments made to Defendants as facilities operating expenses (TAC at ¶115, subparas. (a), (b) and (d)); and
- BCHF had copies of the leases in its possession in October 2020 (TAC at ¶¶27-28).

The Ninth Circuit has held that receipt of a written disclosure of one's purported injury constitutes constructive notice sufficient to start the limitations period. *Pincay v. Andrews*, 238 F.3d 1106, 1109-10 (9th Cir. 2001); *see also Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1412-15 (9th Cir. 1987) (holding, as a matter of law, that plaintiffs were placed on inquiry notice upon "their receipt of the 1978 annual report and the general partner's September 1979 letter"). Consequently, as a matter of law, BCHF's failure to discover the alleged injuries was due to its own failure to investigate the existence and terms of the three leases.

BCHF's newly added allegations in the TAC that its former CEO did not hand copies of the leases to BCHF's Board—and did not remind the Board to satisfy its statutory oversight obligations by reviewing and approving the leases—does not

negate BCHF's constructive notice of the foregoing facts. Pursuant to BCHF's own allegations, at a minimum the Board was made aware of additional facilities BCHF had rented each time the Board received an annual financial report and the report revealed that the number of facilities had increased. (TAC at ¶36, subpara. (a)). Accordingly, if the Board had not satisfied its oversight obligations by reviewing the leases for those new facilities, it was clearly failing to act with diligence.[2]

### C. Defendants' Continued Receipt of BCHF's Rent Payments Did Not Trigger The Separate Accrual Rule

In the Ninth Circuit, the separate accrual rule provides that "a cause of action accrues when *new overt acts* occur within the limitations period, even if a conspiracy was formed and other acts were committed outside the limitations period." *Grimmett*, 75 F.3d at 512 (citing Judge Kennedy's concurrence in *State Farm Mut. Auto. Ins. Co. v. Ammann*, 828 F.2d 4, 5 (9th Cir.1987)) (emphasis added). Further, a "corollary rule is that damages may not be recovered for injuries sustained as a result of acts committed outside the limitations period." *Id.*

Importantly, the Ninth Circuit defines "new overt acts" as follows:

> [T]wo elements characterize an overt act which will restart the statute of limitations: 1) It must be a *new and independent act* that is not merely a reaffirmation of a previous act; and 2) It must inflict *new and accumulating injury* on the plaintiff.

*Grimmett*, 75 F.3d at 513 (citing *Pace Industries, Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987) (emphasis in original).

---

[2] BCHF appears to refute that the regulations under which it operates require its Board to review facility leases. (ECF 21 at 17:15-17). For example, 42 C.F.R. § 51c.304(d)(3), which applies to grants awarded pursuant to section 330(d)(1)(A) of the Public Health Service Act for the costs of operation of community health centers which serve medically underserved populations, provides, in pertinent part, that the "governing board shall have specific responsibility for . . . "[a]ssuring that the center is operated in compliance with applicable Federal, State, and local laws and regulations" and [a]dopting policy for financial management practices, including a system to assure accountability for center resources, approval of the annual project budget, center priorities, eligibility for services including criterial for partial payment schedules, and long-range financial planning." 42 C.F.R. § 51c.304(d), subsections (iv) and (iii). See also 42 C.F.R. 51c.303(i) which requires a community health center to "[h]ave developed an overall plan and budget for the center" that is (4) "prepared under the direction of the governing board" and (3) "[p]rovides for plan review and updating at least annually."

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

In *Grimmett*, a bankruptcy trustee and a former wife of the ex-husband's bankruptcy estate filed a RICO claim to recover from the attorney who allegedly masterminded a fraudulent scheme to conceal the ex-husband's interest in a medical practice for the purpose of defeating the ex-wife's community property interest in the medical practice. The Ninth Circuit rejected plaintiff's argument that the separate accrual rule applied to save the claim. The Court found the wife's primary injury was the loss of her interest in her husband's medical practice. *Grimmett*, 75 F.3d at 513. The Court rejected the wife's claims that the injuries she had allegedly suffered within four years of filing her RICO claim triggered the separate accrual rule. Specifically, she alleged the attorney had engaged in (1) mail fraud by submitting false documents to the Bankruptcy Court to conceal the fraud; and (2) obstruction of justice by concealing documents and falsely testifying in depositions. *Id.* at 514. As to each of these, the wife claimed she had been injured due to a loss in her share of the profits from the ex-husband's medical practice interest. *Id.* The Court held neither act was new and independent because they were "part of the same corporate reorganization/bankruptcy scheme, and the injuries [the wife] claims are identical to those alleged prior to that time—the loss of her interest in [the ex-husband's] practice." Id. *See also Bivens Gardens Office Bldg. v. Barnett Bank*, 906 F.2d 1546, 1551 (11th Cir.1990), cited with approval in *Grimmett*, (finding in a case in which defendants were accused of committing (1) a wrongful takeover of a limited partnership in 1975, (2) the mismanagement and diversion of the partnership's assets from 1975 to 1981, and (3) the sale of the partnership's primary asset, a hotel, at below fair market value in 1981, that the mismanagement and subsequent sale of the hotel were "new and independent acts" because they were "not included among the injuries that naturally flow from the wrongful takeover [in 1975]").

Here, none of the monthly rent payments BCHF made to Defendants within four years prior to BCHF filing its Complaint in this case is "new and

5
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS TAC

independent" because the payments naturally flow from the leases which were executed in 2012, 2015 and 2016. The payments are part of the same alleged fraudulent scheme to enter into purportedly overpriced leases, and the injuries BCHF claims are identical to those monthly payments alleged prior to the running of the statute. (TAC at ¶114, subparas. (b) and (c)). Consequently, BCHF's rental payments made within the four years prior to BCHF filing its Complaint cannot form the basis for a separate cause of action.

Similarly, the alleged acts of continued concealment of the leases from BCHF's Board by Hebets and Wallis (TAC at ¶104, subparas. (d) and (e)) are likewise not new and independent acts occurring within the limitations period. These alleged acts are merely a reaffirmation of the alleged, previous acts of concealment, and are part of the same alleged fraudulent scheme.

### D. Hebets' Or Wallis' Alleged Fraudulent Concealment Does Not Toll The Statute of Limitations On BCHF's RICO Claim

BCHF admits that it may only rely on the doctrine of fraudulent concealment to toll its RICO claim if "the *defendant* wrongfully concealed material facts relating to the *defendant's* wrongdoing" and "the plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled" citing *Pincay*, 238 F.3d at 1110 and *Grimmet,* 75 F.3d at 514. (ECF 21 at 12:18-23) (emphasis added). BCHF, however, only alleges fraudulent concealment by non-parties Hebets and Wallis. (ECF 21 at 13:5-17).

BCHF cites no authority to support its argument that concealment by Hebets, Wallis or both, without any alleged affirmative conduct on the part of Defendants, tolls the statute. BCHF does not do so because that is not the law. Indeed, long-standing Ninth Circuit authority makes clear that this federal tolling doctrine only applies when a plaintiff presents facts establishing an affirmative effort by a defendant "to mislead [the plaintiff] or to conceal the fraud." *Volk.*, 816 F.2d at 1416.

Further, as established above, BCHF's failure to discover the alleged injuries within the statutory period was due to its own failure to exercise reasonable diligence

regarding the existence and terms of the three leases. Thus, BCHF may not rely on this doctrine to toll the statute. *Pincay*, 238 F.3d at 1109 (in the civil RICO context, "constructive notice begins to run the statute of limitations regardless of any fiduciary relationship").

### E. BCHF Fails To Satisfy The Pleading Requirements To Establish Conduct/Participation for RICO Liability

The fatal deficiency in BCHF's pleading of the "conduct or participate" element of its RICO claim remains—BCHF still omits any non-conclusory, factual allegations to establish that **any Defendant** "participate[d] in the operation or management" of BCHF by having had "some part in directing [the enterprise's] affairs," as required by *Reves v. Ernst & Young*, 507 U.S. 170, 185 and 179 (1993). When considering a Motion to Dismiss, the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Legal conclusions must be supported by "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

BCHF's conclusory allegation that Defendants "took over operations and management control of BCHF's facilities procurement" (TAC at ¶7) are entirely unsupported by other factual allegations in the TAC. The purportedly supporting allegations BCHF identifies (TAC at ¶¶33-43) likewise fail to establish Defendants had some part in directing the affairs of BCHF. All that BCHF's allegations demonstrate is that the three Defendants, who are commercial landlords, entered into three leases with BCHF, and that BCHF entered into twenty-three (23) leases with other commercial landlords (TAC ¶¶1, 33, 26).

The Ninth Circuit regularly affirms dismissal of civil RICO claims when plaintiffs fail to plead the underlying facts that satisfy *Reves*' "operation or management" test. *See*, e.g., *Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993) (affirming dismissal of RICO claims where allegations were insufficient to satisfy the *Reves* test because they only demonstrated the defendant attorney had provided legal

services to the enterprise); and *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (affirming order granting motion to dismiss because performing services for the enterprise does not rise to the level of directing the enterprise's affairs, "whether one is 'inside' or 'outside.'"). While BCHF cites a number of cases in other jurisdictions in which courts found the pleading requirement satisfied, none of those opinions is binding on this Court. Moreover, in all of those cases, the plaintiffs satisfied the pleading requirement because they included the underlying factual allegations to establish defendants' operation or management of the enterprises under the *Reves* test.

### F. All Of BCHF's State Claims Are Time-Barred

In California state court, when "a ground for objection to a complaint, such as the statute of limitations, appears on its face or from matters of which the court may or must take judicial notice, a demurrer on that ground is proper." *Hightower v. Roman Catholic Bishop of Sacramento* (2006) 142 Cal.App.4th 759, 765. Like the "injury discovery" rule that applies to the accrual of civil RICO claims, California's delayed discovery rule here likewise does not postpone the accrual of BCHF's fraud claims. *Fox v. Ethicon Endo—Surgery, Inc.*, 35 Cal.4th 797, 807-08 (2005). Under California's discovery rule, plaintiffs are charged with presumptive knowledge of an injury if they have " ' "information of circumstances to put [them] *on inquiry*" ' " or if they have " ' "*the opportunity to obtain knowledge* from sources open to [their] investigation." ' " *Fox*, 35 Cal.4th at 807-808 (quoting *Gutierrez v. Mofid,* (1985) 39 Cal.3d 892, 896–897). To invoke California's rule, BCHF must specifically plead facts which show (1) the time and manner of discovery, and (2) the inability to have made earlier discovery despite reasonable diligence. *Fox*, 35 Cal.4th at 808.

For the same reasons BCHF's RICO claim is time-barred, so are its fraud claims. BCHF was on inquiry notice of the existence and terms of the leases. BCHF has not cited a single California case supporting the application of the delayed discovery rule here, where BCHF had ample notice of the facts underlying the alleged fraud and fails to adequately explain its failure to exercise reasonable diligence.

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

### G. California's Fraudulent Concealment Doctrine Does Not Toll Any Of BCHF's State Claims

California's "doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale." *Aryeh v. Canon Bus. Sols.*, 55 Cal.4th 1185, 1192 (2013). The purpose of the doctrine is "to disarm a defendant who, by his own deception, has caused a claim to become stale and a plaintiff dilatory." *Regents of University of California v. Superior Court* (1999), 20 Cal.4th 509, 533.

As discussed above, none of the three Defendants is alleged to have concealed anything from BCHF. Instead, BCHF alleges that Hebets, Wallis or both concealed facts from BCHF. BCHF has not pled facts demonstrating that Defendants—who are not BCHF's fiduciaries (and never were)—concealed any facts from BCHF. Thus, BCHF's fraud claims are not tolled.

Moreover, California's fraudulent concealment doctrine "does not come into play, whatever the lengths to which a defendant has gone to conceal wrongs, if a plaintiff is on notice of a potential claim." *Rita M. v. Roman Catholic Archbishop* (1986) 187 Cal.App.3d 1453, 1460. A plaintiff is under a duty to reasonably investigate, and a *suspicion* of wrongdoing, coupled with knowledge of the harm and its cause, commences the limitations period. *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112. As established above, BCHF is charged with inquiry notice of its alleged injury from the inception of the leases and continued reporting of the lease terms to government entities. BCHF has cited no California case in which a plaintiff was permitted to rely on the fraudulent concealment doctrine where the alleged suppression of a material fact or the concealment was by a person other than the named defendant. BCHF may not rely on this doctrine.

### H. The Court Should Retain Supplemental Jurisdiction Over BCHF's State Law Claims And Dismiss Them Without Leave To Amend

Defendants removed this case to federal court nearly nine months ago. (ECF 1). Since then, Defendants have twice moved to dismiss all of BCHF's stale,

groundless claims. Returning BCHF's state law claims to a California state court would be a substantial waste of judicial resources. *See*, e.g., *In re Nucorp Energy Sec. Litigation,* 772 F.2d 1486, 1491 (9th Cir.1985) (district court "was right in not imposing unnecessarily on a state court or on [the defendant] a repetition of pleadings, motions, discovery and other pre-trial proceedings") (citing *Aydin Corp. v. Loral Corp.,* 718 F.2d 897, 904 (9th Cir. 1983)), and *Enercomp, Inc. v. McCorhill Publishing, Inc.,* 873 F.2d 536, 546 (2d Cir.1989) (dictum) ("it would have 'stood judicial economy on its head' not to proceed with the state claims" when case had involved over 11 months of litigation). The Court should exercise its discretion by retaining jurisdiction over these pendent state law claims and dismissing them without leave to amend. *Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991).

## III.   CONCLUSION

BCHF has not stated a single claim against Defendants, though it has had multiple opportunities to do so. While BCHF asks again for leave to amend if this Court is inclined to grant Defendants' Motion, it has provided no potential facts to demonstrate how it could amend any of its claims. The Court should grant Defendants' Motion to Dismiss as to all claims, without leave to amend.

Dated: May 2, 2022

Respectfully submitted,

KYLE HARRIS LLP

By:   /s/ John S. Kyle
John S. Kyle, Esq.
Jeffrey B. Harris, Esq.
Laura K. Gantney, Esq.
KYLE HARRIS LLP

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND VALLEY INVESTMENTS, LLC; and PROMENADE SQUARE, LLC