Jeffrey B. Harris, Esq. (SBN 202422)
jharris@klhipbiz.com
John S. Kyle, Esq. (SBN 199196)
jkyle@klhipbiz.com
Laura K. Gantney, Esq. (SBN 199297)
lgantney@klhipbiz.com
KYLE HARRIS LLP
2305 Historic Decatur Road, Suite 100
San Diego, CA 91206
Tel:   (619) 600-0086

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND VALLEY INVESTMENTS, LLC; PROMENADE SQUARE, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  3:21-CV-01417-L-AGS<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date:         May 9, 2022<br>Time:        10:30 a.m.<br>Courtroom: 5B<br><br>Hon. M. James Lorenz<br><br>**NO ORAL ARGUMENT PURSUANT TO CIV. L.R. 7.1** |

Defendant Inland Valley Investments, LLC, Defendant DRP Holdings, LLC, and Defendant Promenade Square, LLC (collectively, "Defendants") respectfully submit this Reply to the Response and Objections that Plaintiff filed (ECF 22) in response to Defendants' Request for Judicial Notice (ECF 20) filed in support of Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (ECF 19).

## THE COURT MAY TAKE JUDICIAL NOTICE OF UNDISPUTED FACTS PURSUANT TO FEDERAL RULE OF EVIENCE 201(b)

The Court may properly take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); see also *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (courts may take judicial notice of undisputed matters of public record).

Plaintiff Borrego Community Health Foundation ("BCHF") does not dispute the existence or contents of any of the exhibits of which Defendants ask the Court to take judicial notice. While BCHF filed a Response and Objections to Defendants' Request for Judicial Notice, BCHF does not dispute any of the following:

- That BCHF submitted to California's Office of Statewide Health Planning and Development ("OSHPD") the annual utilization reports attached as Exhibits 1-10 to Defendants' Request for Judicial Notice;
- That Exhibits 1-10 are true and correct copies of the annual utilization reports BCHF submitted to OSHPD;
- That Tami Bereki has served as BCHF's Controller since January of 2012 and its Vice President of Finance since March of 2019;
- That Exhibit 11 is a true and correct copy of the first page of Ms. Bereki's LinkedIn professional profile;

- That Defendant DRP Holdings, LLC was formed in August 2015; and
- That Exhibit 12 is a true and correct copy of DRP Holdings, LLC's Articles of Organization which it filed with the California Secretary of State on August 25, 2015.

At no point in BCHF's Response does it even suggest that any of Exhibits 1 through 12 is anything other than what it purports to be. Indeed, if BCHF had not actually submitted to OSHPD the annual utilization reports attached as Exhibits 1 through 10, BCHF certainly would have submitted a declaration to that effect. Likewise, if Tami Bereki is not now, and/or has not been, BCHF's Controller and Vice President of Finance, BCHF would have had someone with authority sign and submit a declaration to that effect. Accordingly, BCHF does not dispute the authenticity of any of Exhibits 1 through 12.

**DEFENDANTS' RESPONSES TO BCHF'S OBJECTIONS TO EXHIBITS 1 THROUGH 12**

With respect to BCHF's annual utilization reports, which Defendants submitted as Exhibits 1-10, these documents are not inadmissible hearsay because Defendants do not offer them to prove the truth of the matter asserted in the reports, namely that BCHF's operating expenses set forth in the documents are accurate. Rather, Defendants offer these reports to demonstrate that BCHF had knowledge of the existence and terms of the three leases at issue in this action. *See* Fed. R. Evid. 801(c)(2), and *Calmat Co. v. U.S. Dept. of Labor*, 364 F.3d 1117, 1124 (9th Cir. 2004) ("If the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay."). Additionally, the reports constitute admissions by a party opponent pursuant to Fed. R. Evid. 801(d)(2)(A).

Further, the reports are directly relevant to whether BCHF was on inquiry notice of the leases and their terms, such that BCHF's claims are barred by the

applicable statutes of limitations. *See,* e.g., *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 428 (3rd Cir. 1999) (a court may take judicial notice of materials as proof that evidence existed to put a party on notice of the facts underlying a claim).

Finally, with respect BCHF's objection that Exhibits 1-10 lack proper foundation, BCHF does not contest the authenticity of these annual reports. In fact, in its Opposition to Defendants' Motion to Dismiss, BCHF admits that Exhibits 1-10 "demonstrate that BCHF submitted a yearly 'Annual Utilization Report of Primary Care Clinics' that showed a line item for the subject facilities." (ECF 21 at 16:5-7).

For all of the aforementioned reasons, Defendants respectfully request that the Court take judicial notice of the materials attached as Exhibits 1 through 12 to Defendants' Request for Judicial Notice.

Dated:  May 2, 2022          KYLE HARRIS LLP


By:   /s/ John S. Kyle
    Jeffrey B. Harris, Esq.
    John S. Kyle, Esq.
    Laura K. Gantney, Esq.
    KYLE HARRIS LLP

    Attorneys for Defendants
    DRP HOLDINGS, LLC; INLAND VALLEY INVESTMENTS, LLC; and PROMENADE SQUARE, LLC

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

4
DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS TAC