JOSEPH R. LAMAGNA (State Bar No. 246850)
JORDAN KEARNEY (State Bar No. 305483)
**HOOPER, LUNDY & BOOKMAN, P.C.**
101 W. Broadway, Suite 1200
San Diego, California 92101
Telephone: (619) 744-7300
Facsimile: (619) 230-0987
E-Mail: jlamagna@health-law.com
         jkearney@health-law.com

DEVIN M. SENELICK (State Bar No. 221478)
TARYN A. REID (State Bar No. 328772)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
E-Mail: dsenelick@health-law.com
         treid@health-law.com

Attorneys for Plaintiff
BORREGO COMMUNITY HEALTH
FOUNDATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-01417-AJB-AGS<br><br>Hon. Anthony J. Battaglia, Courtroom 4A<br><br>**NOTICE OF MOTION & MOTION FOR LEAVE TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**FRCP 15(a)(2)**<br><br>Judge: Hon. Anthony J. Battaglia<br>Date: April 6, 2023<br>Time: 2:00PM<br>Ctrm.: 4A<br><br>Trial Date:     None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 6, 2023 at 2:00p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Anthony J. Battaglia, located at 221 West Broadway, San Diego, California 92101, Plaintiff Borrego Community Health Foundation ("Borrego Health"), will and hereby does move the Court for an order granting leave to file a Fourth Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure Rule 15(a) and United States District Court Southern District Local Rules 7.1 and 15.1.

This motion will be made on the grounds that it is in the interests of justice and of judicial efficiency to allow the proposed FAC, and that such amendment will not result in prejudice to the Defendants.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and all other pleadings on file in this matter.

DATED: December 9, 2022     HOOPER, LUNDY & BOOKMAN, P.C.


By:     *s/Devin M. Senelick*
        DEVIN M. SENELICK
Attorneys for Plaintiff Borrego Community Health Foundation

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Borrego Community Health Foundation ("Borrego Health") currently has two related actions pending in the United States District Court, Southern District of California. The first is the above-captioned action (the "Lease Scheme Litigation") which involves allegations that defendants engaged in fraudulent and self-dealing conduct when entering into several leases with Borrego Health, requiring payments totaling over $58 million above fair market value. The Lease Scheme Litigation further outlines how the defendants conspired with Borrego Health's former Chief Executive Officer, Chief Legal Officer, and other executives and officers to engage in and conceal self-dealing acts from the full Borrego Health Board of Directors.

About one year after filing the Lease Scheme Litigation, Borrego Health, through separate counsel, filed a subsequent action in the United States District Court, Southern District of California, case no. 3:21-cv-01417-AJB-AGS (the "Multi-Scheme Litigation"). The Multi-Scheme Litigation includes allegations regarding both the improper conduct alleged in the Lease Scheme Litigation, as well as additional interconnected schemes. The schemes alleged in the Multi-Scheme Litigation include defendants selling useless assets to Borrego Health at inflated prices, entering into one-sided agreements with Borrego Health to its detriment, committing and/or covering up healthcare fraud through improper billing of dental services, paying themselves above-market salaries and benefits, hiring friends and family members to work for Borrego Health and paying them above-market salaries, and attempting to use Borrego Health to purchase a country club. One of the schemes alleged in the Multi-Scheme Litigation (the "Priest Leases Scheme") is the same as the scheme alleged in the Lease Scheme Litigation.

The Lease Scheme Litigation and the Multi-Scheme Litigation have been deemed related and are both currently before the Honorable Anthony J. Battaglia. On December 2, 2022, counsel for Borrego Health in the Multi-Scheme Litigation

substituted in as counsel in the Lease Scheme Litigation.

As a result of the recent change of counsel and overlapping issues in the Lease Scheme Litigation and the Multi-Scheme Litigation, Borrego Health now files the herein Motion for Leave to Amend. In filing the instant motion, Borrego Health seeks to amend the operative complaint in the Lease Scheme Litigation to effectively consolidate the two actions. Borrego Health seeks this remedy in order to promote judicial efficiency and economy. For these reasons, as they are outlined in further detail herein, Borrego Health requests the Court grant its Motion for Leave to Amend.

## II. BACKGROUND AND PROCEDURAL HISTORY

### A. The "Lease Scheme Litigation"

On June 4, 2021, Borrego Health filed its original Complaint the above-captioned matter in San Diego Superior Court, case no. 37-2021-00024676-CU-FR-CTL (the "Lease Scheme Litigation"). Borrego Health's original complaint in state court included claims for: (1) fraud, (2) reformation, (3) rescission, (4) money had and received, (5) unfair business practices, (6) declaratory relief, (7) interpleader, and (8) injunction. Borrego Health's counsel of record at the time of filing is original Complaint was Gregory M. Hatton, Esq. of Hatton, Petrie & Stackler, APC (Mr. Hatton subsequently moved to the firm Theodora Oringer PC). A few days later, on June 7, 2021, Borrego Health filed its First Amended Complaint which made minor amendments to the original pleading.

On July 13, 2021, Borrego Health entered into a joint stipulation with defendants, agreeing to allow Borrego Health to file a Second Amended Complaint. On or about July 30, 2021, Borrego Health filed its Second Amended Complaint which included the addition of a claim for violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against defendants Inland Valley Investments, LLC, Promenade Square, LLC, and DRP Holdings, LLC ("Priest LLCs"). On or about August 6, 2021, the Priest LLCs filed a Notice of Removal to

Federal Court. (Lease Scheme Litigation ECF No. 1). The matter was subsequently removed to the United States District Court, Southern District of California, and assigned to the Honorable M. James Lorenz. On or about August 20, 2021, the Priest LLCs filed a motion to dismiss Borrego Health's Second Amended Complaint for failure to state a claim. (Lease Scheme Litigation ECF No. 6.) On March 7, 2022, this Court issued an Order granting the Priest LLC's motion to dismiss with leave to amend Borrego Health's RICO claim. (Lease Scheme Litigation ECF No. 15.) The Second Amended Complaint was the first complaint in which this Court evaluated the adequacy of Borrego Health's RICO allegations.

On March 22, 2022, Borrego Health filed its Third Amended Complaint pursuant to the Court's March 7, 2022 Order. (Lease Scheme Litigation ECF No. 16.) On April 5, 2022, the Priest LLCs filed a Motion to Dismiss Borrego Health's Third Amended Complaint. (Lease Scheme Litigation ECF No. 19.) After completion of the briefing, on August 2, 2022, this action was transferred from the Honorable M. James Lorenz to the Honorable Anthony J. Battaglia. (Lease Scheme Litigation ECF No. 25.) On November 21, 2022, the Court issued an Order indicating it was taking the Priest LLCs' Motion to Dismiss Borrego Health's Third Amended Complaint under submission. (Lease Scheme Litigation ECF No. 31.) On December 2, 2022, Borrego Health submitted a Notice of Substitution of Attorney, substituting in Devin M. Senelick, Esq. from the law firm Hooper, Lundy & Bookman, P.C. (Lease Scheme Litigation ECF No. 32.)

### B. The "Multi-Scheme Litigation"

On July 19, 2022, Borrego Health filed a separate action in the United States District Court, Southern District of California, case no. 3:22-cv-01056-AJB-AGS (the "Multi-Scheme Litigation"). (Multi-Scheme Litigation ECF No. 1.) Counsel of record for Borrego Health in the Multi-Scheme Litigation includes Devin M. Senelick, Esq., Joseph R. LaMagna, Esq., Jordan Kearney, Esq., and Taryn A. Reid, Esq. at Hooper, Lundy & Bookman, P.C. The Multi-Scheme Litigation Complaint

includes claims for: (1) RICO, (2) breach of contract, (3) intentional misrepresentation, (4) negligent misrepresentation, (5) legal malpractice, (6) false promise, (7) conversion, (8) inducing breach of contract, (9) intentional interference with prospective economic relations, (10) negligent interference with prospective economic relations, (11) intentional interference with contractual relations, (12) violations of Business & Professions Code § 17200, et seq., (13) conspiracy, (14) breach of fiduciary duty, (15) constructive fraud, and (16) unjust enrichment/restitution. The Complaint in the Multi-Scheme Litigation alleges several schemes in which the defendants, including owner of the Priest LLCs, Daryl Priest, engaged in improper acts of fraud and self-dealing to the detriment of Borrego Health. The Priest LLCs and the above-market leases at issue in the Lease Scheme Litigation are included within the Multi-Scheme Litigation Complaint, however, the Priest LLCs are not named as defendants in the Multi-Scheme Litigation (since the Lease Scheme Litigation was already pending). That said, the Priest LLCs have the same counsel of record as several defendants in the Multi-Scheme Litigation, and as such, are aware of the current status of both matters.

On August 8, 2022, Borrego Health filed a Notice of Related Cases which indicated that the Lease Scheme Litigation and the Multi-Scheme Litigation were related. (Multi-Scheme Litigation ECF No. 5.) Specifically, the Notice of Related Cases explained that:

> Both matters include allegations relating to three leases entered into between Borrego Community Health Foundation ("Borrego Health") and Inland Valley Investments, LLC, DRP Holdings, LLC, and Promenade Square, LLC.
>
> Both matters address how the circumstances surrounding the effectuation of the leases involved unfair and fraudulent conduct under RICO and California Business and Professions Code section 1720, *et seq.* As both matters involve the same leases, the same questions relating to the leases will need to be resolved in both matters.

On August 19, 2022, the Court in the Multi-Scheme Litigation submitted a Report of Clerk and Order of Transfer Pursuant to "Low-Number Rule." (Multi-

Scheme Litigation ECF No. 10.) In the Report of Clerk and Order, the Court stated that the Lease Scheme Litigation and the Multi-Scheme Litigation appeared to: (1) "arise from the same or substantially identical transactions, happenings or events"; (2) "involve the same or substantially the same parties or property"; (3) "call for a determination of the same or substantially identical questions of law"; and (4) "entail unnecessary duplication of labor if heard by different judges." (*Id.*)

The Report of Clerk and Order of Transfer then transferred the Multi-Scheme Litigation to the same judge as the Lease Scheme Litigation, the Honorable Anthony J. Battaglia. (*Id.*)

After discovery new evidence of kickbacks, Borrego Health filed a Motion for Leave to Amend its Complaint in order to add an additional defendant to the Multi-Scheme Litigation. (Multi-Scheme Litigation ECF No. 123.) The hearing on Borrego Health's Motion for Leave to Amend its Complaint in the Multi-Scheme Litigation is currently set to be heard on February 23, 2023.

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, there is a "presumption under Rule 15(a) in favor of granting leave to amend." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). This policy favoring amendment is to be applied with "extreme liberality." *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Because federal policy favors "a proper decision on the merits" and "just . . . determination of every action," leave to amend the pleadings is freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The burden is on the opposing party to establish it will be prejudiced by the amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). "A motion for leave to amend should be granted unless there has been a showing that to permit the amendment would produce an undue delay in the litigation, that the

motion was brought in bad faith or out of dilatory motive, that the movant has repeatedly failed to cure deficiencies in the complaint by previous amendments, that the proposed amendment would unduly prejudice an opposing party, or that the proposed amendment would result in futility for lack of merit." *Oregon Natural Desert Ass'n v. McDaniel*, 751 F. Supp. 2d 1151, 1155 (D. Or. 2011); *see Foman*, 371 U.S. at 371.

## IV. BORREGO HEALTH'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED

### A. Amendment Promotes Judicial Efficiency and Economy by Effectively Consolidating the Lease Scheme Litigation and the Multi-Scheme Litigation

Since March 2022, when Borrego Health filed its Third Amended Complaint in the Lease Scheme Litigation, it has discovered additional evidence related to the RICO schemes alleged in the complaint, as well as several other interrelated schemes. The Complaint in the Multi-Scheme Litigation is a reflection of the additional information discovered. Some or all of this additional information was unknown to Borrego Health's prior counsel, Mr. Hatton, at the time Borrego Health filed its Third Amended Complaint and Borrego Health's opposition to the Priest LLC's Motion to Dismiss the Third Amended Complaint.

As litigation continues in both matters, Borrego Health is of the belief that this Court and the parties will be best served by combining the two matters into one action. In essence, Borrego Health requests leave to amend its Third Amended Complaint in the Lease Scheme Litigation to comport with the allegations in the Multi-Scheme Litigation. If Borrego Health's Motion for Leave to Amend is granted, Borrego Health's Fourth Amended Complaint will mirror the proposed First Amended Complaint in the Multi-Scheme Litigation, but will also include the named defendants in the Lease Scheme Litigation and relevant exhibits previously provided in the Lease Scheme Litigation's Third Amended Complaint. In doing so, the Multi-

Scheme Litigation would be completely subsumed by the Lease Scheme Litigation, rendering it entirely duplicative of the Lease Scheme Litigation and allowing the Multi-Scheme Litigation to be dismissed.

In compliance with Local Rules 7.1 and 15.1, attached hereto is a copy of the proposed Fourth Amended Complaint (Exhibit 1) and a redlined version of the proposed Fourth Amended Complaint highlighting the changes between the Third Amended Complaint and the proposed Fourth Amended Complaint (Exhibit 2).[1] Borrego Health acknowledges that Exhibit 2 will be of limited utility, since the pleading is a massive departure from the Third Amended Complaint, adding dozens of parties, a number of additional schemes, and significantly more causes of action. Therefore, to provide further clarity on the nature of Borrego Health's request, attached hereto as Exhibit 3 is also a redlined version of the proposed Fourth Amended Complaint compared to Borrego Health's proposed First Amended Complaint in the Multi-Scheme Litigation. As indicated in Exhibit 3, the two complaints are largely identical, with the only changes being (1) the incorporation of the Lease Scheme Litigation defendants into the proposed First Amended Complaint, (2) the incorporation of the Lease Scheme Litigation exhibits to the proposed First Amended Complaint's exhibit list, and (3) the incorporation of the lease-specific causes of action.[2]

---

[1] A full version of the proposed FAC, including all exhibits, is attached hereto as Exhibit 1. To avoid unnecessary duplication, the full Exhibit List will only be attached to Exhibit 1 rather than to both Exhibits 1 and 2.

[2] Borrego Health has sought this method of relief over a traditional consolidation motion as, even with consolidation, the two matters would not traditionally be merged into one. *See*, *i.e.*, *J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133 (9th Cir. 1972). Therefore, Borrego Health requests leave to amend to effectively merge the Lease Scheme Litigation and Multi-Scheme Litigation into one matter. To the extent the Court prefers an alternative form of relief to achieve the same judicial efficiency and economy, Borrego Health welcomes the Court's thoughts on this issue. To the extent a joint status conference would assist in making such

### B. Defendants Will Not Experience Prejudice in Granting Plaintiff Leave to Amend Its Complaint

Borrego Health's proposed amendment would cause no prejudice to the defendants in either the Lease Scheme Litigation or the Multi-Scheme Litigation. Rather, by allowing leave to amend the Third Amended Complaint, defendants in the Lease Scheme Litigation could more efficiently address their arguments through one matter rather than separately filing motions to dismiss in each case. Moreover, the defendants in the Multi-Scheme Litigation are currently awaiting the Court's determination on Borrego Health's Motion for Leave to Amend in that action, so there is no immediate pending action which would be impacted by granting this Motion. If anything, Borrego Health would be the party prejudiced if this Court were to make a determination on the sufficiency of the RICO pleading in the Lease Scheme Litigation without having a full recitation of the facts at issue in the Multi-Scheme Litigation.

Further, there has been no bad faith or undue delay on the part of Borrego Health. Borrego Health filed a Notice of Substituted Counsel in the Lease Scheme Litigation on December 2, 2022. Borrego Health files its Motion for Leave to Amend on December 9, 2022—7 days later.

As there is a presumption in favor of granting leave to amend, and Defendants do not face any prejudice in allowing the amendment, Borrego Health's Motion for Leave to Amend should be granted.

///
///
///

---

determinations in advance of the hearing date on this Motion, Borrego Health respectfully requests this Court place a status conference on calendar in both the Lease Scheme Litigation and Multi-Scheme Litigation.

## V. A DETERMINATION ON THE PRIEST LLC'S MOTION TO DISMISS BORREGO HEALTH'S THIRD AMENDED COMPLAINT SHOULD BE STAYED

On November 21, 2022, the Court issued an Order indicating it was taking the Priest LLCs' Motion to Dismiss Borrego Health's Third Amended Complaint under submission. (Lease Scheme Litigation ECF No. 31.) As the Court's determination on Borrego Health's Motion for Leave to Amend may moot the pending Motion to Dismiss, Borrego Health respectfully requests any determination on the Priest LLC's Motion to Dismiss be stayed until the resolution of the Motion for Leave to Amend.

## VI. CONCLUSION

For all the above-referenced reasons, Borrego Health respectfully requests that the Court grant its Motion for Leave to Amend its complaint.

DATED: December 9, 2022        HOOPER, LUNDY & BOOKMAN, P.C.

By:    *s/Devin M. Senelick*
       DEVIN M. SENELICK
       Attorneys for Plaintiff BORREGO
       COMMUNITY HEALTH FOUNDATION

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TEL (619) 744-7300 • FAX (619) 230-0987