**BARNES & THORNBURG LLP**
Eric J. Beste (SBN 226089)
eric.beste@btlaw.com
Andrew Young (SBN 326540)
andrew.young@btlaw.com
Allison Rego (SBN 272840)
arego@btlaw.com
655 West Broadway, Suite 1300
San Diego, CA 92101
(619) 321-5000

Brian Nguyen (SBN 336704)
brian.nguyen@btlaw.com
2029 Century Park East Suite 300
Los Angeles, CA  90067
(310) 284-3880

*Attorneys for Defendants,*
*INLAND VALLEY INVESTMENTS, LLC;*
*DRP HOLDINGS, LLC; and PROMENADE*
*SQUARE, LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO. 3:21-CV-01417-BEN-KSC**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO CONSOLIDATE**<br><br>Date:        May 22, 2023<br>Time:       10:30 a.m.<br>Courtroom: 5A<br><br>Hon. Roger T. Benitez |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1
II. RELEVANT FACTUAL ALLEGATIONS ........................................................1
   A. This Action............................................................................................1
   B. The *Hebets* Action. ..............................................................................3
III. RELEVANT PROCEDURAL BACKGROUND.............................................4
IV. LEGAL STANDARD FOR CONSOLIDATION .............................................6
V. PLAINTIFF'S MOTION TO CONSOLIDATE SHOULD BE DENIED ......6
   A. Plaintiff Fails to Satisfy Its Burden of Proof That Consolidation is Proper..................................................................................................7
      1. This Case and *Hebets* Involve Distinct Factual Circumstances..7
      2. This Case and *Hebets* Raise Distinct Questions of Law. ............9
   B. This Action Should Not Be Consolidated With *Hebets* Because Any Purported Judicial Efficiencies Are Outweighed by the Potential For Confusion of the Issues and Prejudice to the Defendants. ...................10
VI. CONCLUSION ..................................................................................................11

i

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO MOTION TO CONSOLIDATE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Borrego Community Health Foundation v. Karen Hebets, et al.*
(Case No. 3:22-cv-01056-BEN-KSC) ................................................................. *passim*

*Huene v. United States*,
743 F.2d 703, 704 (9th Cir. 1984) *on reh'g*, 753 F.2d 1081 (9th Cir. 1984) ........................................................................................................................ 6

*Huene v. United States*,
743 F.2d 703 (9th Cir. 1984) ............................................................................... 6

*Reves v. Ernst & Young*,
507 U.S. 170 (1993) ............................................................................................. 9

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
495 F. Supp. 1052 (S.D. Cal. 2007) .................................................................... 6

*Southwest Marine Inc. v. Triple A Machine Shop. Inc.*,
720 F. Supp. 805 (N.D. Cal. 1989) .................................................................. 6, 7

**Statutes**

18 U.S.C. § 1962(c) ............................................................................................. 3, 5

Business & Professions Code section 17203 ......................................................... 10

Business and Professions Code section 17200, *et seq.* .................................. 3, 4, 9

RICO ............................................................................................................... *passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 42(a) .......................................................... 6

Multi-Scheme Litigation's "Priest Leases Scheme" ................................................ 7

- ii -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO MOTION TO CONSOLIDATE

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
SAN DIEGO

Defendants INLAND VALLEY INVESTMENTS, LLC; DRP HOLDINGS, LLC; and PROMENADE SQUARE, LLC (collectively, the "Defendants") hereby oppose Plaintiff's Motion to Consolidate (Dkt. 52).

## I. INTRODUCTION

Plaintiff's Motion to Consolidate fails to identify any specific common questions of law and fact between this case and *Borrego Community Health Foundation v. Karen Hebets, et al.* (Case No. 3:22-cv-01056-BEN-KSC) ("*Hebets*"). Plaintiff also fails to discuss numerous differences between the two cases, including that they involve a different set of defendants, different alleged schemes, different contracts, and almost entirely different legal claims. Plaintiff similarly offers no explanation as to how consolidation of the two cases will promote judicial efficiency.

Rather, Plaintiff's principal contention as to why consolidation is proper is because the allegations in this case and *Hebets* are nearly identical. But any semblance between the operative complaints in the two cases is pretexual. Indeed, any purported similarities between the two cases is the result of Plaintiff superimposing the allegations in *Hebets* onto its Fourth Amended Complaint in this case, a last-ditch effort to save this case from dismissal.

Plaintiff bears the burden of establishing why consolidation is appropriate. Yet Plaintiff does not—and cannot—demonstrate: (1) that this case and *Hebets* are legally and factually similar; or (2) that the benefits of consolidation outweigh the potential prejudice and confusion of the issues. Thus, for the reasons set forth in further detail below, this Court should deny Plaintiff's Motion and decline to consolidate this case and *Hebets*.

## II. RELEVANT FACTUAL ALLEGATIONS

### A. This Action.

Plaintiff's claims in this case arise from three discrete leases executed in 2012, 2015, and 2016 regarding clinic space that Plaintiff and its employees knowingly

occupied, profited from, and paid rent on for consecutive years without protest until they fell under government scrutiny for fraud (collectively, the "Leases"). (*See* Dkt. 51 at ¶¶ 190-223.)

On September 21, 2012, Defendant Promenade Square, LLC, as landlord, entered into a lease with Borrego Health, as tenant, concerning an unfinished shell property in El Cajon, California. (*Id*. at Ex. A.) The parties entered into five amendments, which generally reflected an increase in square footage to be leased or increases in tenant improvement allowances invested by Landlord.

On September 15, 2015, Defendant DRP Holdings, LLC, as landlord, entered into a lease with Borrego Health, as tenant, concerning a property in San Bernardino, California, to be acquired and built-out specifically to Borrego Health's specifications. (*Id*. at Ex. B.)

On February 2, 2016, Defendant DRP Holdings, as landlord, entered into a lease with Borrego Health, as tenant, concerning a Barstow, California property to be acquired and built-out to Borrego Health's specifications ("Inland Valley Lease"). (*Id*. at Ex. C.) The parties entered into an amendment to the Inland Valley Lease on April 3, 2016, reflecting an increase in the size of the space to be leased and the tenant improvement allowance to be invested, with commensurate changes to the rent rate. (*Id*.) DRP Holdings assigned the Inland Valley Lease to Defendant Inland Valley Investments, LLC on August 29, 2017. (*Id*.)

In or about October 2020, state and federal law enforcement authorities raided Borrego Health's office in connection with a fraud investigation. (*Id*. at ¶ 204.) Thereafter, Borrego Health stopped making lease payments at the behest of the California Department of Healthcare Services. (*Id*. at ¶ 206.) Borrego Health alleges it resumed paying rent to Promenade Square pursuant to the lease terms. (*Id*. at ¶ 199.)

Based on conduct relating to the Leases, Plaintiff's operative Fourth Amended Complaint in this case alleges seven identical causes of action against Defendants

- 2 -

Promenade Square, LLC, DRP Holdings, LLC, Inland Valley Investments, LLC (collectively, the "Defendants" or "Entity Defendants") for: (1) imposition of a constructive trust against the Defendants; (2) reformation based on fraud; (3) rescission based on fraud; (4) common count for money had and received; (5) violation of Business and Professions Code section 17200, *et seq.*; (6) declaratory relief; and (7) violation of RICO under 18 U.S.C. § 1962(c). (Dkt. 51 at ¶¶ 412-451.) Plaintiff further asserts conclusory alter ego allegations amongst each of the Defendants, alleging a unity of interest and ownership between them, as well as various defendants in *Hebets*, including Premier Healthcare Management, Inc. ("Premier"), Summit Healthcare Management ("Summit"), Daryl Priest, Nicholas Priest, Travis Lyon (collectively, the "Premier Defendants"). Notably, *none* of the defendants in *Hebets*, including the Premier Defendants, are named defendants in this action.

### B.   The *Hebets* Action.

Plaintiff's claims in the *Hebets* Action arise from an amalgamation of alleged fraudulent schemes carried out by a group of its former board members, who Plaintiff refers to as the "Borrego Insiders." (*See generally Hebets* Dkt. 159). Plaintiff alleges that this group of former board members, including Plaintiff's former CEO, Bruce Hebets, carried out and concealed these alleged schemes, which involved entering into various agreements with third-parties on behalf of Plaintiff, as well as overseeing the performance of certain agreements between Plaintiff and third-parties. (*Id.* at ¶¶ 12-22). These agreements include, but are not limited to: (1) a management services agreement for Plaintiff's contract dental program between Plaintiff and Premier, executed on March 1, 2015 (the "Dental MSA") (*Id.* at ¶ 85); (2) a management services agreement for Plaintiff's contract medical program between Plaintiff and Summit, executed on September 8, 2017 (the "Medical MSA") (*Id.* at ¶ 97); and (3) various independent agreements with individual dentists and/or their medical

- 3 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO MOTION TO CONSOLIDATE

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
SAN DIEGO

corporations (*see id.* at ¶¶ 146-300). Like in this action, Plaintiff asserts sweeping alter ego allegations amongst the various defendants in *Hebets*, including allegations that Premier, Summit, Daryl Priest, Nicholas Priest, Travis Lyon are alter egos of one another. (*Id.* at ¶ 51.)

Based on allegations arising from these purported schemes, among others, Plaintiff asserts fifty-nine claims across forty separate defendants. Broadly, Plaintiff alleges claims for: (1) violation of RICO; (2) breach of contract; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) legal malpractice; (6) fraudulent concealment; (7) false promise; (8) conversion; (9) inducing breach of contract; (10) intentional interference with contractual relations; (11) intentional interference with prospective economic relations; (12) negligent interference with prospective economic relations; (13) violations of California Business & Professions Code § 17200, *et seq.* ("UCL"); (14) conspiracy; (15) breach of fiduciary duty; (16) constructive fraud; and (17) unjust enrichment/restitution. (*See id.* at ¶¶ 563-905.) Notably, Plaintiff alleges its RICO claim and UCL claim against each of the defendants in *Hebets*, without any clear delineation as to what conduct is attributable to which particular defendant.

### III.   RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed its original Complaint in this case on June 4, 2021, in San Diego Superior Court.  (Dkt. 1-3.)  On June 7, 2021, Plaintiff filed a First Amended Complaint ("First Complaint") in state court.  (Dkt. 1-7.)  In the First Complaint, Plaintiff alleges its former CEO, Bruce Hebets, entered into three lease agreements with Defendants for clinic space and concealed the existence of the leases from its Board of Directors.  (Dkt. 1-3 at ¶¶ 7-9, 29.)  The First Complaint also alleged that Defendants' managing member, Daryl Priest, was a longtime friend of Bruce Hebets', which created federal income tax reporting issues for Plaintiff.  (Dkt. 1-3 at ¶¶ 16, 37.)  Notably absent from Plaintiff's First Complaint, however, were any facts that implicated Defendants.  (*See* Dkt. 1-3.)

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO MOTION TO CONSOLIDATE

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
SAN DIEGO

On July 30, 2021, Plaintiff filed a Second Amended Complaint ("Second Complaint") in this action in San Diego Superior Court. (Dkt. 1-16.) In the Second Complaint, Plaintiff asserted for the first time a violation of RICO under 18 U.S.C. § 1962(c). (*Id.* at 27-34.) On August 6, 2021, Defendant DRP Holdings filed a Notice of Removal, and two weeks later, Defendants moved to dismiss the Second Complaint. (Dkt. 1, 6) Judge Lorenz granted the motion because Plaintiff failed to plead any factual allegations as to Defendants' participation in Borrego Health's operation or management and because there were "insufficient allegations as to the purported 'racketeering activity.'" (Dkt. 15 at 3.) Judge Lorenz further ruled that the Second Complaint was time barred because Borrego signed the subject leases in 2012, 2015 and 2016. (*See* Dkt. 15 at 5.)

In an attempt to address these deficiencies, Plaintiff filed its Third Amended Complaint ("Third Complaint") on March 22, 2022. (Dkt. 16.) The Third Complaint was ultimately dismissed with leave to amend by Judge Battaglia, who noted that Plaintiff failed to meet Rule 9(b)'s pleading standards because it only pointed to concealment and misrepresentations committed by Hebets and Wallis, not Defendants. (*See* Dkt. 47 at 8). The Court also agreed that merely alleging that Defendants "worked with [Borrego Health] insiders" who then entered into over-market-price leases, prevented the leases from being seen by Borrego Health's Board, and paid the rents was not enough to support a finding that Plaintiff plead the circumstances of the Defendants' alleged fraud with particularity. (Dkt. 47 at 8.) Finally, Judge Battaglia granted Plaintiff' "one, final opportunity to cure the deficiencies in its RICO claims." (Dkt. 47 at 10.)

In the meantime, on July 19, 2022, Plaintiff filed its initial complaint in *Hebets* against the Premier Defendants, alongside 35 other defendants, asserting 53 separate causes of action. (*Hebets* Dkt. 1.) None of the Defendants in this action were alleged as party-defendants in *Hebets*. Many of the defendants in *Hebets*, including the Premier Defendants, moved to dismiss Borrego Health's initial complaint. (*See, e.g.,*

*Hebets* Dkt. 84-1.) Instead of opposing the various motions, on November 4, 2022, Plaintiff filed a motion for leave to amend the operative complaint, attaching Plaintiff's proposed First Amended Complaint as an exhibit. (*Hebets* Dkt. Nos. 123; 123-1.) Notably, the vast majority of the allegations contained in Plaintiff's proposed First Amended Complaint in *Hebets* are identical to the allegations Plaintiff added to its Fourth Complaint in this action, which it eventually filed on April 3, 2023. Consequently, Plaintiff again attempts to expand its "Cast of Characters" to include four former Borrego Health executives (Bruce Hebets, Mikia Wallis, Karen Hebets, and Diana Troncoso), four prior Board members (Harry Isley, Dennis Nourse, Mike Hickok, and Chuck Kimball), three third-party entities (KBH Healthcare Consulting, LLC, Summit, and Premier) and three individual third parties (Daryl Priest, Nicholas Priest and Travis Lyon). (Dkt. 51 at ¶¶ 13-27.) Tellingly, it is not until paragraph 190 of the Fourth Complaint that Plaintiff begins to plead facts about the core matter before this Court in this case—the Leases.

## IV. LEGAL STANDARD FOR CONSOLIDATION

Under Rule 42(a) of the Federal Rules of Civil Procedure, district courts have discretion to consolidate two separate cases "involv[ing] a common question of law or fact". Fed. R. Civ. P. 42(a); *Southwest Marine Inc. v. Triple A Machine Shop. Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). In determining whether to consolidate the cases, courts should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) *on reh'g*, 753 F.2d 1081 (9th Cir. 1984). Plaintiff "bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 1052, 1057 (S.D. Cal. 2007).

## V. PLAINTIFF'S MOTION TO CONSOLIDATE SHOULD BE DENIED

The Court should decline to consolidate this case and *Hebets* because they are factually and legally dissimilar, and because any purported benefits of consolidation

are outweighed by potential for confusion of the issues and the likelihood of prejudice to the respective defendants.

### A. Plaintiff Fails to Satisfy Its Burden of Proof That Consolidation is Proper.

Apart from its conclusory assertions that this case and *Hebets* involve identical common questions of law and fact, Plaintiff sidesteps numerous dissimilarities between the two cases—which involve completely different defendants, different alleged "schemes," different contracts, almost entirely different legal claims, and a wholly divergent set of facts. The only attenuated connection Plaintiff ostensibly draws between this case and *Hebets* rests on a hollow theory that Plaintiff was defrauded by everyone, for everything, as part of a "widespread racketeering enterprise designed and carried out to steal money from [it]." (Dkt. 51 at ¶¶ 449; and *Hebets* Dkt. 159 at ¶ 563.) Plaintiff's oversimplification of the facts and generalized characterization of the legal issues, however, fail to show that consolidation is appropriate.

#### 1. This Case and *Hebets* Involve Distinct Factual Circumstances.

Plaintiff concludes that this case shares common questions of fact with *Hebets* merely because the Fourth Amended Complaint in this case replicates allegations contained in the First Amended Complaint in *Hebets*. (Dkt. 52, 5:18-19 ("The facts and allegations in the Lease Litigation are identical to the facts in the Multi-Scheme Litigation's "Priest Leases Scheme" allegations.").) But Plaintiff's recasting of factually unrelated allegations into two separate complaints does not demonstrate that the two cases present the same factual issues. *See, e.g., Southwest Marine, Inc.*, 720 F. Supp. at 806 (denying motion to consolidate where cases did not state same causes of action, did not involve same alleged fraudulent scheme, did not involve same written agreements, and "the facts necessary to prove the claims in the respective actions" were distinct).

- 7 -

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO MOTION TO CONSOLIDATE

Here, this action and *Hebets* involve entirely different defendants and distinct alleged fraudulent schemes based on separate written agreements. For example, this action concerns three discrete leases executed in 2012, 2015 and 2016 regarding clinic space Plaintiff knowingly occupied and paid rent on for consecutive years without protest until they fell under government scrutiny for fraud. (Dkt. 51 at ¶ 190.) These leases were executed by and between Plaintiff, and Promenade Square, LLC, DRP Holdings, LLC and DRP Holdings, respectively—none of whom are defendants in the *Hebets* case. (*See id.* at Exs. A, B, and C.)

Conversely, *Hebets* involves a host of factually unrelated schemes, including an alleged scheme based on a healthcare management service agreement executed between Plaintiff and Premier in 2015 (*Hebets* Dkt. 159 at ¶ 85), and a similar agreement executed between Plaintiff and Summit in 2017. (*Id.* at ¶ 97). *Hebets* also involves allegations of a fraudulent billing scheme involving fourteen individual contract dentists and their medical corporations, operating under various individual written agreements with Plaintiff. (*Id.* at ¶ 132.) There are no common defendants between the two cases. And despite Plaintiff's superficial references to these schemes in its Fourth Amended Complaint—none of which appeared in Plaintiff's three prior iterations of its complaint—the *Hebets* schemes, have no connection to the Defendants or claims in this action.

Indeed, the only factual overlap between the two cases appears to be that: (1) the backdrop of these schemes occurred during the tenure of a group of "Borrego Insiders"—none of whom are defendants in this action (*cf.* Dkt. 51 at ¶¶ 190-202 and Dkt. 159 at ¶¶ 57-189); and (2) that Daryl Priest, an individual Defendant in *Hebets*, has an ownership interest in each of the Defendants in this case, as well as in the *Hebets* defendants, Premier and Summit. (*Cf.* Dkt 51 at ¶¶ 23-32 and Dkt. 159 at ¶¶ 23-28.) But Plaintiff makes no effort to explain why these general contextual similarities justify consolidation. Thus, Plaintiff has not met its burden in demonstrating why consolidation is desirable.

### 2. This Case and *Hebets* Raise Distinct Questions of Law.

Much like the factual issues, the legal issues between this case and *Hebets* lack meaningful overlap. Plaintiff asserts, without further explanation, that "[b]oth actions require the Court to resolve claims based in fraud and the Racketeer Influenced and Corrupt Organizations ("RICO") Act." (Dkt. 52, 5:22-24.) Yet of the seven claims in this action, and the fifty-nine claims in *Hebets*, there are only two common causes of action: (1) violation of California's Business and Professions Code § 17200, *et seq.*, and (2) violation of RICO. (*Cf.* Dkt. 51 at ¶¶ 443-446 (UCL claim), 449-451 (RICO claim); and *Hebets* Dkt. 159 at ¶¶ 563-565 (RICO claim), 867-873 (UCL claim).) While Plaintiff brings claims for reformation and rescission of the Leases based on alleged fraud (Dkt. 51 at ¶¶ 426-438.), those claims seek distinct forms of relief compared to Plaintiff's fraud claims for damages in *Hebets* (*See Hebets* Dkt. at ¶¶ 631-825 (alleging claims for intentional and negligent misrepresentation, fraudulent concealment, and false promise).)

Additionally, Plaintiff's UCL claim in this case is premised only on the "unlawful," and "unfair," prongs of the UCL. (Dkt. 51 at ¶¶ 444-446.) Plaintiff does not specifically allege that its UCL claim against the Defendants in this case arise from any fraudulent conduct. *Id.* In contrast, Plaintiff's UCL claim in *Hebets* purports to arise from "fraudulent," business practices. (*Hebets* Dkt. 159 at ¶¶ 871, 873.) Thus, this additional legal issue separates the two cases.

Further, the legal inquiries required to establish Plaintiff's purported RICO and UCL claims against the two completely different set of defendants gives rise to distinctive factual determinations. Plaintiff's RICO claim in this case requires it to allege and establish that each of the three Entity Defendants in this case actually participated in the operation and management of Borrego Health, which Plaintiff identifies as the enterprise for purposes of RICO liability. (*See* Dkt. 51 at ¶ 367); *see Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (Liability "depends on showing

- 9 -

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
SAN DIEGO

that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs."). In contrast, Plaintiff's RICO claim in *Hebets* requires it to allege and establish that each of different *forty* defendants, comprised of both individuals and entities, actually participated in the operation and management of Borrego Health. (*See* Dkt. 159 at ¶ 518).

Similarly, Plaintiff's UCL claim in this action requires it to establish that the respective Entity Defendants' conduct in connection with the alleged "Lease Scheme," constitutes "unlawful and unfair business practices within the meaning of Business & Professions Code section 17203." (*See* Dkt. 51 at ¶ 444). Plaintiff's UCL claim in the *Hebets*, however, requires a fact-specific inquiry as to whether the conduct of each of the forty *Hebets* defendants in connection with the various other "schemes," constitutes "unfair," "unlawful," and "fraudulent," conduct. Accordingly, the differences in factual and legal issues involved in the two cases warrant denial of Plaintiff's Motion.

### B. This Action Should Not Be Consolidated With *Hebets* Because Any Purported Judicial Efficiencies Are Outweighed by the Potential For Confusion of the Issues and Prejudice to the Defendants.

Even if there were common issues of law and fact supporting consolidation of this case and *Hebets* (there are not), this Court should reject consolidation to avoid confusion of the issues and resulting prejudice to the defendants in both cases.

Because the distinct factual determinations required to establish Plaintiff's claims against the various defendants in both cases, the potential for confusion and prejudice is heighted due to allegations of alter ego liability between the Defendants in this case, and between many of the defendants in *Hebets*, including the Premier Defendants. (*See* Dkt. 51 at ¶¶ 40-45; and *Hebets* Dkt. 159 ¶ 51.) These alleged relationships, which are unsupported by any specific facts, are likely to increase the risk that a jury might attribute evidence or conduct limited to one of these defendants to the other—all without Plaintiff ever adequately establishing (or even alleging)

- 10 -

alter-ego liability between and amongst them. This likelihood of confusion, and the resulting prejudice to the defendants, is exacerbated by allegations in Plaintiff's Fourth Complaint in this case and its First Amended Complaint in *Hebets*, which vaguely and impermissibly lump each of the respective defendants' alleged fraudulent conduct together.

Plaintiff, in contrast, will not suffer any prejudice if the cases are not consolidated. Indeed, Plaintiff originally filed these cases in two separate forums. Plaintiff filed its initial complaint in this case on June 4, 2021, in San Diego Superior Court. (Dkt. 1-3). Thereafter, on July 30, 2021, Plaintiff filed its Second Complaint in state court, asserting its RICO claim for the first time. *Id.* Meanwhile, with this case already pending in state court, on July 19, 2022, Plaintiff filed its initial complaint in *Hebets* in the United States District Court for the Southern District of California. Thus, through its own conduct, Plaintiff has already shown that separate litigation of the two cases will not result in any prejudicial duplication of effort. This Court should therefore deny the Motion and decline to consolidate this case and *Hebets*.

In the alternative, if the Court deems it appropriate to consolidate this case and *Hebets*, this Court should consider the following:

(1)   Consolidate status and scheduling hearings, and early neutral evaluation and case management conferences;

(2)   To the extent discovery is allowed to proceed (it should not), authorize the magistrate judge to coordinate discovery procedures between the two cases; and

(3)   Maintain the cases as separate for purposes of dispositive motions and for trial as the parties and issues are distinct.

## VI.   CONCLUSION

Plaintiff fails to meet its burden of establishing why consolidation is desirable or proper.  Plaintiff fails to set forth with any particularity common questions of law

- 11 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO MOTION TO CONSOLIDATE

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
SAN DIEGO

or fact tying this case to *Hebets*. Plaintiff further avoids any attempt to explain how consolidation would promote judicial efficiency or how any purported benefits of consolidation outweigh the potential for confusion of the issues and prejudice to the various defendants. Thus, for the foregoing reasons, this Court should deny Plaintiff's Motion and decline to consolidate this case and *Hebets*.

Dated:      May 8, 2023                                Barnes & Thornburg LLP


By: *s/ Eric J. Beste*
    Eric J. Beste
    Attorneys for Defendants
    *DRP HOLDINGS, LLC; INLAND VALLEY INVESTMENTS, LLC; PROMENADE SQUARE, LLC*