JOSEPH R. LAMAGNA (State Bar No. 246850)
JORDAN KEARNEY (State Bar No. 305483)
**HOOPER, LUNDY & BOOKMAN, P.C.**
101 W. Broadway, Suite 1200
San Diego, California 92101
Telephone: (619) 744-7300
Facsimile: (619) 230-0987
E-Mail: jlamagna@hooperlundy.com
　　　　jkearney@hooperlundy.com

DEVIN M. SENELICK (State Bar No. 221478)
TARYN A. REID (State Bar No. 328772)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
E-Mail: dsenelick@hooperlundy.com
　　　　treid@hooperlundy.com

Attorneys for Plaintiff
BORREGO COMMUNITY HEALTH
FOUNDATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 3:21-cv-01417-BEN-KSC<br><br>Hon. Roger T. Benitez, Courtroom 5A<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE CASES**<br><br>Judge:　Roger T. Benitez<br>Date:　May 22, 2023<br>Time:　10:30 AM<br>Ctrm.:　5A<br><br>Trial Date:　　　None Set |

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................. 1

II.  STATEMENT OF FACTS .................................................................. 2

III.  THE MOTION TO CONSOLIDATE SHOULD BE GRANTED ................... 7

    A.  BOTH ACTIONS INVOLVE IDENTICAL OVERLAPPING FACTS ........................................................................................... 7

    B.  BOTH ACTIONS INVOLVE IDENTICAL QUESTIONS OF LAW PERTAINING TO THE LEASE SCHEME ........................... 9

    C.  THE PRIEST LLC'S AUTHORITY SUPPORTS CONSOLIDATION ............................................................... 11

    D.  JUDICIAL ECONOMY ENCOURAGES CONSOLIDATION OF THE TWO MATTERS ................................................... 12

        1.  Consolidation Will Not Confuse the Issues ............................... 12

        2.  Consolidation Will Not Unduly Prejudice the Defendants ........ 14

IV.  CONCLUSION ............................................................................... 15

**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

Case No. 3:21-cv-01417-BEN-KSC

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE CASES

# <u>TABLE OF AUTHORITIES</u>                                        Page(s)

**Cases**

*Atiqi v. Acclaim Tech. Servs., Inc.*,
  No. EDCV14628, 2016 WL 11771111 (C.D. Cal. Feb. 26, 2016) ................... 10

*Dusky v. Bellasaire Invs.*,
  No. SACV 07–393, 2007 WL 4403985 (C.D. Cal. 2007) ........................... 13, 14

*Finder v. Leprino Foods Co.*,
  No. 115CV00105, 2016 WL 6875259 (E.D. Cal. Nov. 21, 2016) ................. 7, 8

*Gradford v. McDougall*,
  No. 117CV00575, 2018 WL 2010477 (E.D. Cal. Apr. 30, 2018) ..................... 7

*Gravity Defyer Corp. v. Under Armour, Inc.*,
  No. LACV1301842, 2013 WL 12138987 (C.D. Cal. July 23, 2013) ......... 13, 14

*It's My Seat, Inc. v. Hartford Cap., LLC*,
  No. 222CV02192, 2022 WL 2392027 (C.D. Cal. July 1, 2022) ........................ 7

*Kong Meng Xiong v. City of Merced*,
  No. 1:13-CV-00083, 2013 WL 5493388 (E.D. Cal. Oct. 1, 2013) .... 7, 12, 13, 14

*Paxonet Commc'ns, Inc. v. Transwith Corp.*,
  303 F. Supp. 2d 1027 (N.D. Cal. 2003) ............................................................ 7

*Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*,
  720 F. Supp. 805 (N.D. Cal. 1989) .................................................................. 11

**Statutes**

Bus. & Prof. Code § 17200 .................................................................................. 1, 6

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

# I.     **INTRODUCTION**

As outlined in Borrego Community Health Foundation's ("Borrego Health") moving papers, it seeks to consolidate the above-captioned action (the "Lease Scheme Litigation") and *Borrego Community Health Foundation v. Karen Hebets, et al.* (Case No. 3:22-cv-01056-BEN-KSC) (the "Multi-Scheme Litigation"). The Lease Scheme Litigation is merely part and parcel of a larger scheme to defraud Borrego Health, which is fully outlined in the Multi-Scheme Litigation. (*See i.e.* Multi-Scheme Litigation ("MSL") Dkt. 159, First Amended Complaint ¶¶ 335-359; Lease Scheme Litigation ("LSL") Dkt. 51, Fourth Amended Complaint ¶¶ 190-209).

Given the allegations pertaining to the defendants' leases are identical in both actions, there will be significant overlap of factual and legal issues if the matters continue to be litigated separately, including issuing duplicative written discovery pertaining to the leases at issue, deposing the same witnesses, calling the same witnesses at trial, offering identical expert testimony to determine fair market value of the same lease agreements, and requesting the Court and jury make the same determinations as to Borrego Health's Racketeer Influenced and Corrupt Organizations Act ("RICO"), violations of California's Business and Professions Code section 17200, *et seq.* ("UCL"), and fraud-based claims.

In response to Borrego Health's consolidation request, defendants in the Lease Scheme Litigation, Inland Valley Investments, LLC ("Inland Valley"), DRP Holdings, LLC ("DRP"), Promenade Square, LLC ("Promenade") (collectively the "Priest LLCs") filed an Opposition which seeks to keep the matters separate, despite the duplication of efforts necessary to litigate the two actions, by asserting the two matters do not involve identical parties and identical claims.[1] This argument is

---

[1] Defendant Karen Hebets in the Multi-Scheme Litigation joins in any and all opposition arguments filed by the Priest LLCs. Ms. Hebets, and all defendants in both actions were provided notice of the Motion to Consolidate and were electronically served with a copy of the Notice and Motion on April 14, 2023. As

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

1  nonsensical, as plaintiffs are not permitted to bring two lawsuits pursuing identical

2  claims against identical defendants within the same forum. Indeed, the intent of

3  consolidation under Federal Rules of Civil Procedure Rule 42(a) ("Rule 42")

4  examines the commonalities between two matters and whether or not consolidation

5  would avoid unnecessary cost and delay. Rule 42 does not require that two matters

6  be completely identical in order to warrant consolidation, nor do the Priest LLCs

7  cite to any authority that supports such a proposition.

8       As outlined in Borrego Health's moving papers, the complaints in both

9  actions, and this reply, both the Lease Scheme Litigation and the Multi-Scheme

10 Litigation involve identical allegations pertaining to the Priest LLCs entering into

11 three leases with Borrego Insiders (as defined in both complaints) that included

12 unconscionable and above-market terms for Borrego Health which were never

13 presented to Borrego Health's full Board of Directors. (*See i.e.* MSL, First Amended

14 Complaint ¶¶ 335-359; LSL, Fourth Amended Complaint ¶¶ 190-209). Both actions

15 involve evaluating the fraudulent representations and conduct committed by the

16 Priest LLC's owner, Daryl Priest, and his agent, Travis Lyon. (*Id.*) And both actions

17 will involve questions of law pertaining to Borrego Health's RICO, UCL, and fraud

18 claims, which impact every claim alleged in the Lease Scheme Litigation. (*See i.e.*

19 MSL, First Amended Complaint ¶¶ 335-359, 542, 563-565, 868-873; LSL, Fourth

20 Amended Complaint ¶¶ 190-209, 419-425, 443-446. 449-451).

21 II.   **STATEMENT OF FACTS**

22      The allegations in the Lease Scheme Litigation and the Multi-Scheme

23 Litigation are largely identical. The only significant difference is that some

24 allegations pertaining to schemes not directly related to the Priest LLCs and the

25

26 indicated by Ms. Hebets' joinder, parties in both actions were placed on notice of
   the Motion and hearing date. As Ms. Hebets' joinder does not raise any independent

27 substantive arguments, Borrego Health's reply briefing is intended to apply with

28 equal force to any arguments joined by Ms. Hebets.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

1   other Priest-owned entities have been omitted from the Lease Scheme Litigation.

2   (*See e.g.* MSL, First Amended Complaint ¶¶ 146-281.) Otherwise, the alleged

3   schemes in both complaints arise from the same transactions and occurrences.

4        The complaints in both the Lease Scheme Litigation and the Multi-Scheme

5   Litigation explain that Borrego Health is a California 501(c)(3) nonprofit public

6   benefit corporation operating a Federally Qualified Health Center ("FQHC"). (MSL,

7   First Amended Complaint ¶ 1; LSL, Fourth Amended Complaint ¶ 1).

8        Borrego Health alleges that the Priest LLCs, through their owner and agents,

9   Daryl Priest and Travis Lyon, misrepresented the appropriate value of several

10  leases, and worked with insiders at Borrego Health to obtain, and then conceal, the

11  above-fair market leases. (MSL, First Amended Complaint ¶¶ 336-337; LSL, Fourth

12  Amended Complaint ¶¶ 192-193.) The actions taken by the Priest LLCs constitute

13  one scheme that demonstrates Daryl Priest and his agents' larger efforts to

14  improperly funnel funds from Borrego Health. (MSL, First Amended Complaint ¶¶

15  335-359; LSL, Fourth Amended Complaint ¶¶ 190-209.)

16       As alleged in both complaints, the Priest LLCs are all California LLCs

17  involved in the commercial real estate business. (MSL, First Amended Complaint ¶¶

18  338-340; LSL, Fourth Amended Complaint ¶¶ 28-30.) Daryl Priest is the sole

19  member and manager of all three defendants in this action. (*Id.*) Travis Lyon, as

20  President of Real Estate Operations at Priest Development Corporation, coordinated

21  leasing efforts between Borrego Health and the Priest LLCs. (MSL, First Amended

22  Complaint ¶¶ 27, 336-338, 343; LSL, Fourth Amended Complaint ¶¶ 27, 30, 193-

23  194.) Daryl Priest also acts as the sole owner of Premier Healthcare Management, of

24  which Travis Lyon is the President and COO. (MSL, First Amended Complaint ¶¶

25  25, 27, 338-340; LSL, Fourth Amended Complaint ¶¶ 25, 27.)

26       Borrego Health only owns two of its facilities, and as such was required to

27  procure real property for its remaining services. (MSL, First Amended Complaint ¶

28  335; LSL, Fourth Amended Complaint ¶ 190.) In order to properly approve a lease

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

1  agreement with Borrego Health, any leases needed to be submitted to Borrego

2  Health's full Board of Trustees for approval. (*Id.*) To be approved, Borrego Health's

3  facility leases must be: (1) entered into for a lawful purpose; (2) sought

4  competitively, and subjected to a diligent market value analysis; and (3) to the

5  extent reasonably possible, for no more than fair market rent and reasonable

6  duration. (*Id.*) The leases must also include reasonable terms under which Borrego

7  Health can terminate the lease. (*Id.*) The Priest Leases (as defined in both

8  complaints) violated these core requirements. Specifically, the Priest Leases were

9  grossly over fair market by approximately $100 million, each extending for a 30-

10  year period, and none were ever presented to Borrego Health's full Board of

11  Trustees for approval. (MSL, First Amended Complaint ¶ 336; LSL, Fourth

12  Amended Complaint ¶ 191.)

13       Borrego Health's former CEO, CLO, and CFO entered into a lease with

14  defendant Promenade Square LLC (the "Promenade Lease"). (MSL, First Amended

15  Complaint ¶ 346; LSL, Fourth Amended Complaint ¶ 191.) The basic terms of the

16  lease fail to offer Borrego Health a reasonable termination provision, and indeed

17  require Borrego Health to continue to make 30 years' worth of monthly rent

18  payments regardless of how or when the lease is terminated. (MSL, First Amended

19  Complaint ¶¶ 346-347; LSL, Fourth Amended Complaint ¶¶ 191-192, 198.)

20       After the Promenade Lease went undetected, Daryl Priest and Travis Lyon

21  then worked alongside the Borrego Insiders to further funnel funds away from

22  Borrego Health. Indeed, by 2015, Borrego Health's former CEO, Bruce Hebets,

23  intended to have Daryl Priest and Travis Lyon take over Borrego Health's

24  Management Services Organization ("MSO"), despite not having any prior

25  experience in healthcare. (MSL, First Amended Complaint ¶¶ 25, 80; LSL, Fourth

26  Amended Complaint ¶¶ 25, 80.) However, this proposal was denied by the full

27  Borrego Health Board of Directors. (MSL, First Amended Complaint ¶¶ 73, 76;

28  LSL, Fourth Amended Complaint ¶¶ 66-73.) At the same time the MSO discussions

1   were ongoing, Defendant DRP entered into a lease agreement without full Board

2   approval, which DRP assigned to defendant Inland Valley (the "Inland Valley

3   Lease"). (MSL, First Amended Complaint ¶¶ 346-347; LSL, Fourth Amended

4   Complaint ¶¶ 30, 200.)

5       Despite denial of their MSO involvement, Daryl Priest and Travis Lyon

6   worked tirelessly alongside the Borrego Insiders to integrate themselves into

7   Borrego Health's inner workings. (MSL, First Amended Complaint ¶ 163; LSL,

8   Fourth Amended Complaint ¶ 80.) Daryl Priest and Travis Lyon used that influence

9   to enter into a Dental Management Services Agreement ("Dental MSA") with

10  Borrego Health on March 1, 2016, removing internal Borrego Health employees

11  from overseeing Borrego Health's contract dental program. (MSL, First Amended

12  Complaint ¶¶ 85, 88; LSL, Fourth Amended Complaint ¶¶ 76, 79.) Once the MSA

13  was signed, Daryl Priest and Travis Lyon worked with the Borrego Insiders to

14  approve two amendments to the Dental MSA which funneled additional funds to

15  Priest-owned entities for no additional consideration. (MSL, First Amended

16  Complaint ¶ 93-96; LSL, Fourth Amended Complaint ¶¶ 83-86.)

17      On or about October 1, 2016, defendant DRP then entered into another lease

18  agreement (the "DRP Lease") with Borrego Health. Both the Inland Valley Lease

19  and the DRP Lease included similarly disadvantageous terms to the Promenade

20  Lease and required rent payments millions of dollars above fair market rates. (MSL,

21  First Amended Complaint ¶¶ 346-347; LSL, Fourth Amended Complaint ¶¶ 191-

22  192, 198.) The Priest Leases were never presented to the full Borrego Health Board

23  for approval, and the Borrego Insiders did not include pertinent information

24  regarding the leases in the financial reports submitted to the full Board in order to

25  keep the unconscionable terms concealed. (*Id*.) The Borrego Insiders knew that the

26  full Board would only review contracts presented to them, and would not have seen

27  the Inland Valley Lease, the DRP Lease or the Promenade Lease unless one of the

28  Borrego Insiders or the Priest LLCs decided to present the leases to the Board for

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

1   review. (MSL, First Amended Complaint ¶¶ 346-347; LSL, Fourth Amended

2   Complaint ¶¶ 191-192, 198.) The Borrego Insiders then went on to provide financial

3   reports to the Board which merely showed the aggregate rents paid to all facilities to

4   further conceal the above-market payments being made to the Priest LLCs. (MSL,

5   First Amended Complaint ¶ 349; LSL, Fourth Amended Complaint ¶ 200.) Due to

6   the successful concealment efforts of the Borrego Insiders and the Priest LLCs, it

7   was not until October 2020 when these leases came to the attention of Borrego

8   Health following raids conducted by state and federal law enforcement agencies.

9   (MSL, First Amended Complaint ¶¶ 353, 550; LSL, Fourth Amended Complaint ¶¶

10   204, 208, 420.)

11       The Priest LLCs, Daryl Priest, Travis Lyon, and several other Priest-owned

12   business ventures (*i.e.* Premier Healthcare Management, Inc. and Summit

13   Healthcare Management, Inc.) operated as the alter-egos and/or agents of one

14   another. (MSL, First Amended Complaint ¶ 51; LSL, Fourth Amended Complaint ¶

15   40.) Daryl Priest acts as the sole manager, the applicable agent for service of

16   process, and the Chief Executive Officer of Inland Valley, DRP, and Promenade.

17   (MSL First Amended Complaint ¶¶ 51, 338-340; LSL Fourth Amended Complaint ¶

18   40.) Travis Lyon acted as both President of Priest Development Corporation and

19   Chief Executive Officer of healthcare management company Premier Healthcare

20   Management, Inc. (MSL, First Amended Complaint ¶ 27; LSL, Fourth Amended

21   Complaint ¶¶ 27, 30.) And as such, whether through real estate or healthcare,

22   defendants in both actions acted to misappropriate funds from Borrego Health

23   through the same conduct.

24       These allegations are merely a sample of the overlapping factual issues

25   presented in the complaints. Both matters address how the circumstances

26   surrounding the effectuation of the leases involved unfair and fraudulent conduct

27   under RICO and California Business and Professions Code section 17200, *et seq.*

28   The lease agreements and the conduct of the defendants and named third-parties will

1  need to be evaluated in an identical fashion in each matter.

2  **III.    THE MOTION TO CONSOLIDATE SHOULD BE GRANTED**

3          Courts have broad discretion to consolidate actions that involve common

4  questions of law and fact. *Paxonet Commc'ns, Inc. v. Transwith Corp.,* 303 F. Supp.

5  2d 1027, 1028-29 (N.D. Cal. 2003) (citing *In re Adams Apple, Inc.,* 829 F.2d 1484,

6  1487 (9th Cir. 1987)). Indeed, consolidation may be ordered by the Court, over a

7  party's objection, whenever it reasonably appears that consolidation would aid in the

8  efficient and economic disposition of a case. *Gradford v. McDougall*, No.

9  117CV00575, 2018 WL 2010477, at *1 (E.D. Cal. Apr. 30, 2018).

10         In the Ninth Circuit, consolidation has been granted where matters arise out of

11 the same transactions, have overlapping parties and witnesses, and involve

12 substantially similar facts. *It's My Seat, Inc. v. Hartford Cap., LLC*, No.

13 222CV02192, 2022 WL 2392027, at *3–4 (C.D. Cal. July 1, 2022); *Kong Meng*

14 *Xiong v. City of Merced*, No. 1:13-CV-00083, 2013 WL 5493388, at *7 (E.D. Cal.

15 Oct. 1, 2013); *Finder v. Leprino Foods Co.,* No. 115CV00105, 2016 WL 6875259,

16 at *1 (E.D. Cal. Nov. 21, 2016). Courts have also been inclined to grant

17 consolidation where there is no risk of delaying trial, where there is a burden is

18 litigating overlapping issues twice, or where there is a risk of inconsistent verdicts of

19 core issues. (*Id.*)

20         A.    **BOTH ACTIONS INVOLVE IDENTICAL OVERLAPPING**

21             **FACTS**

22         In the Priest LLC's Opposition, defendants assert Borrego Health failed to

23 identify any identical factual issues between the Lease Scheme Litigation and the

24 Multi-Scheme Litigation. (Opp. 1:5-7; 7:16-8:28.) This statement ignores the clear

25 citations to the contrary in Borrego Health's moving papers as well as the

26 allegations in both complaints. (Motion to Consolidate 5:17-27.) However, for the

27 Court's convenience, Borrego Health has detailed a portion of the overlapping

28 factual issues in its Statement of Facts. (*See* Section II, above.)

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

As outlined in the complaints and in the above Statement of Facts, both the Lease Scheme Litigation and the Multi-Scheme Litigation arise from the same facts. Specifically, Borrego Health asserts Inland Valley, DRP, and Promenade, through their owner, employees and agents, entered into leases with Borrego Health that included unconscionable terms, including requiring Borrego Health to pay millions of dollars above fair market rent without any way to terminate the lease agreements without paying the full amount under the 30-year lease terms. (MSL, First Amended Complaint, ¶ 336; LSL, Fourth Amended Complaint, ¶ 198.) These leases were never presented to the full Borrego Health Board for approval, and were in fact concealed by several officers at Borrego Health and the Priest LLCs agents. (*Id*.)

In both actions, the conduct of Daryl Priest, the sole owner of both the Priest LLCs and Premier Healthcare Management, Inc. and Summit Healthcare Management, Inc. (defendants in the Multi-Scheme Litigation) is at issue. Mr. Priest's actions on behalf of his corporate entities, and how he improperly funneled funds out of Borrego Health both through the Priest Leases, as well as other agreements which were entered into during the same time period, will require evaluating the same facts. Similarly, the nature of Travis Lyon's conduct, as the President of Real Estate Operations at Priest Development Corporation and the President and Chief Operating Officer of Premier Healthcare Management, will need to be evaluated in both matters.

While the Lease Scheme Litigation is isolated to seeking recovery for one scheme, the multitude of schemes must be considered in both matters to address Borrego Health's claims for RICO, violations under the UCL and fraud, as the same transactions and occurrences are at issue in both actions. Further, there is no requirement that all issues overlap in order to consolidate two matters. *Finder*, 2016 WL 6875259, at *1 (granting motion to consolidate when factual allegations in two matters partially overlapped, and the harm in delaying the actions was superseded by the interests of judicial economy and avoidance of inconsistent outcomes.)

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

1   The Priest LLCs assert that the identical questions of fact are merely

2   attributable to Borrego Health's recent amendment in the Multi-Scheme Litigation.

3   (Opp. 1:14-17.) However, the amendment merely provides further context to the

4   Priest LLC's involvement in the various RICO schemes perpetuated. Moreover, the

5   overlapping factual issues have been at issue in this matter since the RICO

6   allegation was first included in the complaint. (*See generally* LSL, Second Amended

7   Complaint.) In fact, the Lease Scheme Litigation and the Multi-Scheme Litigation

8   were deemed related long before Borrego Health filed its most recent amended

9   complaint in the Lease Scheme Litigation. (Multi-Scheme Litigation Dkt. 5.) In

10   deeming the Lease Scheme Litigation and the Multi-Scheme Litigation related, this

11   Court noted that the two actions appear to: (1) "arise from the same or substantially

12   identical transactions, happenings or events"; (2) "involve the same or substantially

13   the same parties or property"; (3) "call for a determination of the same or

14   substantially identical questions of law"; and (4) "entail unnecessary duplication of

15   labor if heard by different judges." (*Id.*) Regardless of which iteration of the

16   complaint is at issue, the factual allegations pertaining to the Lease Scheme

17   Litigation have always overlapped with the Multi-Scheme Litigation. As the Lease

18   Scheme Litigation is merely one of the schemes alleged in the Multi-Scheme

19   Litigation, the identical allegations give rise to identical issues of fact which must be

20   resolved in both matters.[2]

21   **B.   BOTH ACTIONS INVOLVE IDENTICAL QUESTIONS OF**
22   **LAW PERTAINING TO THE LEASE SCHEME**

23   In the Priest LLC's Opposition, they assert Borrego Health failed to identify

24

25   [2] The Priest LLCs further argue that the nature of who concealed information from
26   the full Borrego Health Board varies between the two actions. (Opp. 7:7-9.)
    However, that argument raises the same question of fact in both matters – whose
27   conduct was at issue pertaining to the lease negotiations, presenting that information
28   to Borrego Health's Board, and subsequent concealment efforts.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

1   any identical questions of law overlapping between the Lease Scheme Litigation and

2   the Multi-Scheme Litigation. (Opp. 1:5-7.) Again, this argument disregards the

3   significant overlap of legal issues pertaining to Borrego Health's fraud based claims.

4   As the Priest LLCs concede, both actions involve RICO claims, violations under the

5   UCL for the same unfair and fraudulent conduct[3], and actions based in fraud. (Opp.

6   6-15.)

7          Every cause of action in the Lease Scheme Litigation is premised on the

8   Priest LLCs' fraudulent conduct – the same conduct alleged in the Multi-Scheme

9   Litigation. (MSL, First Amended Complaint ¶¶ 335-359; LSL, Fourth Amended

10   Complaint ¶¶ 190-209.) If the matters are not consolidated, inconsistent

11   determinations of law may result pertaining to the overlapping RICO, UCL and

12   fraud claims. While the Priest LLCs attempt to suggest otherwise, complete overlap

13   in claims is not a requirement to consolidation. *Atiqi v. Acclaim Tech. Servs., Inc.*,

14   No. EDCV14628, 2016 WL 11771111, at *2 (C.D. Cal. Feb. 26, 2016) (granting

15   motion to consolidate when six claims arose from the same underlying facts, but the

16   specific claims were not identical.)

17          Because the Lease Scheme Litigation is an integral piece of the Multi-Scheme

18   Litigation, there is an inherent overlap in the questions of law. Pertaining to the

19   RICO claim, both actions involve the same actors, and require the same

20   determinations as to whether Daryl Priest and Travis Lyon were integral to the

21   RICO schemes, whether in their individual capacity or capacity as agents and

22   managers of the Priest LLCs.

23   / / /

24

25   [3] The Priest LLCs' Opposition asserts that the underlying rationales for the UCL
26   claims in each action vary. However, both matters address the unlawful and unfair
     conduct prongs of the UCL, as well as examine the parties fraudulent conduct. (*See*
27   *i.e.* LSL, Fourth Amended Complaint ¶ 444; MSL, First Amended Complaint ¶
28   872.)

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

## C.   **THE PRIEST LLC'S AUTHORITY SUPPORTS CONSOLIDATION**

The Priest LLCs rely on *Southwest Mariner, Inc.* for the proposition that the Lease Scheme Litigation and the Multi-Scheme Litigation should not be consolidated. (Opp. 7:23-25.) However, in examining the factors evaluated by *Southwest Mariner, Inc.*, the Priest LLCs' authority actually supports consolidation. Specifically in evaluating whether consolidation was appropriate, the *Southwest Mariner, Inc.* court focused on: (1) overlap in the causes of action, (2) whether the same fraudulent scheme was alleged in each action, (3) whether the facts necessary to prove the claims in each action overlap, (4) whether the same contracts were in dispute, (5) whether there would be substantial duplication of effort if the matters remained separate, and (6) whether trial would be delayed in one action due to consolidation. *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, (1) the core claims of RICO, violations of the UCL, and fraud all overlap, (2) the Lease Scheme Litigation highlights the identical scheme to the "Priest Leases Scheme" in the Multi-Scheme Litigation (MSL, First Amended Complaint ¶¶ 335-359; LSL, Fourth Amended Complaint ¶¶ 190-209), (3) the same facts related to the Priest LLCs conduct, as well as their agents' involvement in related schemes, must be evaluated, (4) the Priest Leases are in dispute in both actions, whether it be to evaluate the Priest LLCs liability or its agents Daryl Priest and Travis Lyon's liability, (5) as outlined herein, there will be substantial duplication of written discovery, depositions, use of experts, and witness testimony at trial as the Lease Scheme Litigation is merely a subset of the Multi-Scheme Litigation, and (6) as discovery has not yet begun in either matter, there is no risk of delaying trial. The above considerations all favor consolidation.

/ / /

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

### D.   <u>JUDICIAL ECONOMY ENCOURAGES CONSOLIDATION OF THE TWO MATTERS</u>

Practically speaking, each matter will require identical written discovery for issues pertaining to the Priest Leases Scheme, as well as Daryl Priest and Travis Lyon's conduct and relationships to other defendants and third-parties identified in both actions' complaints. Further, as the Lease Scheme Litigation is one of the many schemes alleged in the Multi-Scheme Litigation, Borrego Health's list of witnesses and individuals to depose will completely overlap. Consolidation would streamline litigation by avoiding duplicative written discovery, noticing and taking depositions of the same individuals twice, and calling the same witnesses and experts to testify on identical issues in front of two separate juries. *Kong Meng Xiong*, 2013 WL 5493388, at *7–8 (granting consolidation where it would "allow the parties to propound and respond to fewer discovery requests and conduct fewer depositions, and permit the parties to coordinate their motions to eliminate unnecessary and duplicative arguments.")

Further, as the Priest LLCs and the Premier Defendants (Daryl Priest, Travis Lyon, Nicholas Priest, Premier Healthcare management, Inc. and Summit Healthcare Management, Inc.) in the Multi-Scheme Litigation are represented by the same counsel in both matters, consolidation would also assist in streamlining motion practice and briefing, as these parties will likely file one consolidated brief for each future motion due to a unity of interests.

#### 1.   <u>Consolidation Will Not Confuse the Issues</u>

As mentioned above, the Lease Scheme Litigation is merely one scheme alleged in the Multi-Scheme Litigation. Each case will evaluate the same underlying facts.

The Priest LLCs assert that factual and legal distinctions may lead to confusion, or that the jury may attribute liability too broadly if the actions are consolidated. (Opp. 10:20-24.) However, this type of argument discounts the jury's

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

1  capabilities to evaluate the facts. Indeed, the Ninth Circuit has determined that

2  confusion of potential liability is present in every civil action, and that jury

3  instructions sufficiently address the potential confusion posed by the Priest LLCs.

4    *Gravity Defyer Corp.* is instructive on this point. In *Gravity Defyer Corp.*,

5  defendants filed a motion for bifurcation of liability and damages related to claims

6  of trademark infringement and violations of the UCL against fifteen retailer

7  defendants under Rule 42. Defendants filed the motion requesting to litigate their

8  isolated counter-claim during the liability phase of the proceedings. In denying the

9  defendants' motion, the court reasoned:

10    Defendants have not carried their burden to show that bifurcation will result in a significantly more efficient proceeding. On the contrary, bifurcation may

11  well lead to significant additional costs. First, two trials will be an inefficient use of party, jury and court resources. **As to Defendants' suggestion of jury**

12  **confusion in a liability and damages trial, jury instructions are adequate to address this issue, which is presented in almost every civil action**.

13  Second, two separate pre-trial periods will lead to similar added costs. Thus, the longer a matter is pending, the more disputes are likely to arise and the

14  more motions are likely to be brought, with higher costs the result. Bifurcation invites two rounds of discovery, with depositions of some the

15  same persons taken more than once, and additional potential for disputes… Finally, Defendants are represented by a single law firm. This also counsels in

16  favor of a single proceeding, because this counsel and the firm representing Plaintiff can work in a collaborative manner to achieve both pre-trial and trial

17  efficiency.

18  *Gravity Defyer Corp. v. Under Armour, Inc.*, No. LACV1301842, 2013 WL

19  12138987, at *3 (C.D. Cal. July 23, 2013); *see also Kong Meng Xiong*, 2013 WL

20  5493388, at *7 ("[A]s it pertains to the claims of each Plaintiff, any risk of

21  confusion can be ameliorated by properly structuring the presentation of trial

22  evidence and instructing the jury."); *Dusky v. Bellasaire Invs.,* No. SACV 07–393,

23  2007 WL 4403985, at * 5 (C.D. Cal. 2007) (potential for jury confusion in

24  consolidated matters can be alleviated by "properly structuring argument and

25  instructing the jury").

26    As such, any potential risk of confusion is outweighed by the benefits of

27  consolidation, including the reduction of costs, minimizing duplication of litigation

28  efforts, and expediting trial testimony.

2.      <u>Consolidation Will Not Unduly Prejudice the Defendants</u>

The Priest LLCs further argue that a jury may attribute evidence to another defendant or party due to the volume (Opp. 10:24-11:1), however, consolidation or lack thereof does not impact this concern, as the Lease Scheme Litigation and the Priest LLCs are expressly reply mentioned in both actions as being integral to the Lease Scheme/Priest Leases Scheme. (MSL, First Amended Complaint ¶¶ 338-340; LSL, Fourth Amended Complaint ¶¶ 28-30.) Further, as mentioned above, such concerns can be ameliorated with the appropriate jury instruction. *Gravity Defyer Corp.*, 2013 WL 12138987, at *3; *Kong Meng Xiong*, 2013 WL 5493388, at *7; *Dusky*, 2007 WL 4403985, at * 5.

Moreover, in both actions, discovery has not yet been initiated, the pleadings are still being resolved, and there is no risk of delaying the trial date given that both cases are procedurally in their infancy.

However, if the actions are not consolidated, there will be significant duplication of efforts which would prejudice both Borrego Health and the defendants. As the Lease Scheme Litigation is merely a subset of the schemes included in the Multi-Scheme Litigation, Daryl Priest, Travis Lyon, and Nicholas Priest would need to be deposed twice regarding the same issues of fact. The Borrego Insiders would all need be deposed in both actions and counsel would need to request identical information in both actions as to the insiders' relationships to the Priest LLCs and their agents. Identical written discovery would also need to be issued and responded to on issues pertaining the Priest Leases. There is also risk that inconsistent rulings may be made on identical issues should the matters remain separate.[4]

---

[4] The Priest LLCs further argue that Borrego Health concedes the cases can be tried separately due to initially filing them as independent actions. However, as outlined in the complaints, the Lease Scheme Litigation was immediately necessitated due to the Priest LLCs' threatened eviction, necessitating the Lease Scheme Litigation to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

1    As such, the benefits of consolidation and overall judicial economy vastly

2  outweigh any minimal confusion or prejudice raised by the defendants.

3  **IV.   CONCLUSION**

4    For the above-mentioned reasons, as they are further expressed in Borrego

5  Health's moving papers and the complaints in both actions, Borrego Health

6  respectfully requests the Lease Scheme Litigation and the Multi-Scheme Litigation

7  be consolidated.

8

9  DATED:  May 15, 2023          HOOPER, LUNDY & BOOKMAN, P.C.

10

11

12                              By: _____

13                                  JOSEPH R. LAMAGNA
                                Attorneys for Plaintiff BORREGO
14                              COMMUNITY HEALTH FOUNDATION

15

16

17

18

19

20

21

22

23

24

25

26  _____

27  be filed while Borrego Health continued (and continues) to investigate the full scope
    of the defendants' misconduct in both actions. (*See* LSL, Fourth Amended
28  Complaint ¶ 207; MSL, First Amended Complaint ¶ 356.)

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

3

4

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Suite 1200, San Diego, CA 92101.

5

6

On May 15, 2023, I served true copies of the following document(s) described as **REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE CASES** on the interested parties in this action as follows:

7

8

9

10

| John S. Kyle | *Attorneys for Defendants DRP Holdings,* |
|---|---|
| Jeffrey B. Harris | *LLC, Inland Valley Investments, LLC and* |
| 450 B Street, Suite 1410 | *Promenade Square, LLC* |
| San Diego, CA 92101 | |
| jkyle@klhipbiz.com | |
| jharris@klhipbiz.com | |

11

12

13

14

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

15

16

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

Executed on May 15, 2023, at San Diego, California.

18

19

*Valerie Hernandez*
Valerie Hernandez

20

21

22

23

24

25

26

27

28

**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

7345854.3

16

Case No. 3:21-cv-01417-BEN-KSC

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE CASES

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

3

4

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Suite 1200, San Diego, CA 92101.

5

6

On May 15, 2023, I served true copies of the following document(s) described as **REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE CASES** on the interested parties in this action as follows:

7

### SEE ATTACHED SERVICE LIST

8

9

10

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address vhernandez@hooperlundy.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

11

12

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

14

Executed on May 15, 2023, at San Diego, California.

15

16

*Valerie Hernandez*

Valerie Hernandez

17

18

19

20

21

22

23

24

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL (310) 551-8111 • FAX (310) 551-8181

7345854.3

## SERVICE LIST

## U.S.D.C., Southern District of California - Case No.  3:22-cv-01056-BEN-KSC

| | |
|---|---|
| Benjamin J. Fenton<br>Nicholas D. Jurkowitz<br>Fenton Law Group<br>1990 South Bundy Dr., Ste. 777<br>Los Angeles, CA 90025<br>bfenton@fentonlawgroup.com<br>njurkowitz@fentonlawgroup.com | **_Attorneys for Defendant Michael Hoang, DMD_** |
| Chester Jeng<br>Law Offices of Jeng and Associates<br>750 West La Habra Blvd.<br>La Habra, California 90631<br>Chester@Jenglaw.com | **_Attorneys for Defendants George Jared, D.D.S., and George Jared, D.D.S., Inc._** |
| Daniel Elliott Katz<br>Reid & Hellyer APC<br>California<br>Pob 1300<br>Riverside, CA 92502<br>DKatz@rhlaw.com | **_Attorneys for Defendants Santiago A. Rojo, D.D.S., Inc., and Santiago Rojo, DDS_** |
| Diane Wiesmann<br>Susan Knock Beck<br>Thompson & Colegate, LLP<br>3610 Fourteenth Street<br>P.O. Box 1299<br>Riverside, CA 92502<br>dwiesmann@tclaw.net<br>sbeck@tclaw.net | **_Attorneys for Defendant Magaly Velasquez, DDS_** |
| Eric Beste<br>Andrew Young<br>Allison Rego<br>Brian Nguyen<br>Barnes & Thornburg LLP<br>655 W. Broadway, Ste. 1300<br>San Diego CA 92101<br>Eric.Beste@btlaw.com<br>Andrew.Young@btlaw.com<br>ARego@btlaw.com<br>Brian.Nguyen@btlaw.com | **_Attorneys for Defendants Premier Healthcare Management, Inc., Summit Healthcare Management, Inc., Daryl Priest, Nicholas Priest, and Travis Lyon_** |
| Jesse Adriance<br>Neil, Dymott, Frank, McCabe & Hudson<br>110 West A Street, Ste. 1200<br>San Diego, CA 92101<br>jadriance@neildymott.com | **_Attorneys for Defendants Marlene Thompson, D.D.S., and Marlene Thompson, D.D.S., Inc._** |

| | |
|---|---|
| Keith H. Rutman, Esq.<br>Attorney at Law<br>501 West Broadway, Ste. 1650<br>San Diego, CA. 92101-3541<br>krutman@krutmanlaw.com | *Attorneys for Defendants W.A. Stephan, A Dental Corporation, Waleed Stephan, DDS, Mercelo Toledo D.D.S. and Marcelo Toledo, D.D.S., Inc.* |
| LeRoy George Siddell<br>Law Office of George Siddell<br>2323 Broadway, Ste. 104<br>San Diego, CA 92102<br>attorneysiddell@yahoo.com | *Attorneys for Defendant Diana Thompson* |
| Marcus S. Bourassa<br>Timothy A. Scott<br>McKenzie Scott PC<br>1350 Columbia Street, Ste. 600<br>San Diego, CA 92101<br>mbourassa@mckenziescott.com<br>tscott@mckenziescott.com | *Attorneys for Defendant Karen Hebets* |
| Matthew J. Faust<br>Khodadad Darius Sharif<br>Sharif Faust Lawyers, Ltd.<br>600 B Street, Ste. 2490<br>San Diego, CA 92101<br>faust@shariffaust.com<br>sharif@shariffaust.com | *Attorneys for Defendants Ness Dental Corporation and Douglas Ness, DDS* |
| Michael Gregory Freedman<br>The Freedman Firm<br>10100 Santa Monica Blvd., Ste. 300<br>Los Angeles, CA 90017<br>michael@thefreedmanfirm.com | *Attorneys for Defendants Dennis Nourse, Harry Ilsley, Mike Hickok, and Chuck Kimball* |
| Michael Karl Pazdernik<br>Adams & Corzine<br>A Professional Corporation<br>740 Oak Avenue Pkwy., Ste 120<br>Folsom, CA 95630<br>mpazdernik@aclawyers.com | *Attorneys for Defendant Mohammed Altekreeti, DDS* |
| Mitchell J. Popham<br>William Mullen<br>David Rutan<br>Locke Lord LLP<br>300 S. Grand Ave., Ste. 2600<br>Los Angeles, CA 90071<br>mpopham@lockelord.com<br>william.mullen@lockelord.com<br>David.Rutan@lockelord.com | *Attorneys for Defendants The Hebets Company and James Hebets* |
| Mikia Brayton Wallis<br>P.O. Box 2023<br>Julian, CA 92036<br>mikia@mbwallislaw.com | *In Pro Per* |

HOOPER, LUNDY & BOOKMAN, P.C.<br>1875 CENTURY PARK EAST, SUITE 1600<br>LOS ANGELES, CALIFORNIA 90067<br>TEL. (310) 551-8111 • FAX (310) 551-8181

7345854.3

19

| 1<br>2<br>3 | Quintin G. Shammam, Esq.<br>Law Offices of Quintin G.<br>Shammam<br>2221 Camino Del Rio S, Ste 207<br>San Diego, CA 92108<br>Quintin@shammamlaw.com | *Attorneys for Defendants Aldairi DDS, Inc., and Husam E. Aldairi, DDS* |
| 4<br>5<br>6<br>7 | Shireen Matthews<br>Alyssa Moscrop<br>Jones Day<br>4655 Executive Dr., Ste. 1500<br>San Diego, CA 92121-3134<br>amoscrop@jonesday.com<br>shireenmatthews@jonesday.com | *Attorneys for Defendants Hawatmeh Dental Group, P.C. and Ayed Hawatmeh, DDS* |
| 8<br>9<br>10<br>11 | Thomas P. Bleau<br>Ramshin Daneshi<br>Bleau Fox, a P.L.C.<br>2801 W. Empire Ave.<br>Burbank, CA 91504<br>tbleau@bleaufox.com<br>rdaneshi@bleaufox.com | *Attorneys for Defendants Alborz Mehdizadeh, Inc., New Millennium Dental Group of Aram Arakelyan, Inc., Alborz Mehdizadeh, DDS, Aram Arakelyan, DDS, and Jilbert Bakramian, DDS* |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL. (310) 551-8111 • FAX (310) 551-8181

7345854.3

20