UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California Nonprofit Public Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; et al.,<br><br>Defendants. | Case No.: 21-cv-01417-BEN-SBC<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS;**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION TO CONSOLIDATE**<br><br>[ECF Nos. 52, 53] |

Before the Court are two motions—a motion to consolidate this case with a related action[1] filed by Plaintiff Borrego Community Health Foundation ("Plaintiff" or "BCHF") and a motion to dismiss the Fourth Amended Complaint ("FAC") filed by Defendants DRP Holdings, LLC, Inland Valley Investments, LLC, and Promenade Square, LLC (collectively "Defendants"). ECF Nos. 52, 53. Both motions have been fully briefed and submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and

---

[1] *See Borrego Community Health Foundation vs. Hebets et al.*, filed under case number 22-cv-01056-BEN-SBC (referred to as the "Multi-Scheme Litigation" or "MSL").

1

21-cv-01417-BEN-SBC

Rule 78(b) of the Federal Rules of Civil Procedure. *See* ECF Nos. 60, 62. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss with prejudice and **DENIES-AS-MOOT** Plaintiff's motion to consolidate.

## I. BACKGROUND

*Factual Background*. The factual background applicable to Defendants in this action was accurately set forth in the prior Order dismissing Plaintiff's Third Amended Complaint ("TAC") and will not be extensively duplicated here. *See* ECF No. 47, "Prior Order" at 2-3. Briefly, Plaintiff BCHF is a California non-profit corporation and federally qualified health center which provides healthcare services to individuals in underserved communities. ECF No. 51, "FAC" ¶ 1. The FAC alleges Defendants leased three commercial properties to Plaintiff at well above market-rate rents and under unconscionable terms. *Id*. ¶¶ 190-208. This was achieved by "Borrego Insiders" (certain employees and Board members at BCHF) entering and concealing these leases from the full Board of Trustees. *Id*. Dubbed the "Priest Leases Scheme", this was one of many alleged schemes conducted by the Borrego Insiders, the balance of which are being litigated in the MSL. *Id*. ¶ 2.

*Procedural History*. BCHF initiated this action in San Diego Superior Court asserting several state-law claims in June 2021. ECF No. 1. The case was subsequently removed to this Court under federal question jurisdiction after Plaintiff amended its complaint and added claims for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) & (d). *Id*. In August 2021, Defendants moved to dismiss the complaint. ECF No. 6. District Judge Lorenz granted the motion, finding that Plaintiff's RICO claim as alleged was time-barred and not well pled, but allowed leave to amend. ECF No. 15. Plaintiff then filed a TAC, which Defendants again moved to dismiss. ECF Nos. 16, 19.

*Order Dismissing TAC*. Reviewing the TAC, District Judge Battaglia found Plaintiff had adequately alleged that its RICO claim was not time-barred. Prior Order at 6. However, Judge Battaglia also found Plaintiff had once again failed to adequately

plead its RICO claim. *Id*. at 8-9. The Order noted several deficiencies in the claim, including: (1) Plaintiff failed to adequately allege facts supporting alter ego liability; (2) the TAC failed to allege specific facts regarding individual Defendants, instead impermissibly lumping them together; and (3) Plaintiff did not sufficiently plead the "conduct" element, a deficiency also noted in Judge Lorenz' Order. *Id*. at 6-9. Judge Battaglia granted Plaintiff "one, final opportunity to cure the deficiencies in its RICO claims." *Id*. at 10.

*Additional Allegations in FAC*. The FAC adds sixty-three pages of factual allegations. *See* FAC pp. 6-51, 59-85. Many of these are new to this action and are pulled directly from the complaint in the MSL. *Id*. Plaintiff argues this information provides necessary context because the Priest Leases Scheme is part of a larger pattern of conduct by the Borrego Insiders to defraud BCHF. ECF No. 56, Opposition to Motion to Dismiss ("Oppo.") at 9. While the Court is cognizant of the bigger picture Plaintiff seeks to paint, the FAC ultimately includes *fewer* factual allegations supporting Plaintiff's claims against those Defendants named in this case. *Compare* ECF No. 17 at 8-19 and ECF No. 51 at 52-59. Thus, far from curing the deficiencies in Plaintiff's RICO claims, the FAC unfortunately deepens them.

## II. LEGAL STANDARDS

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss only if, taking all well pled factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to

1  relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Where
2  a motion to dismiss is granted, leave to amend should be liberally allowed "unless the
3  court determines that the allegation of other facts consistent with the challenged pleading
4  could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture
5  Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. DISCUSSION

Defendants argue Plaintiff has failed to successfully plead its RICO claim for the third time, warranting dismissal with prejudice. ECF No. 53-1, Motion to Dismiss ("Mot."). Defendants make several attacks on Plaintiff's RICO claim, including: (1) the claim is time-barred; (2) the allegations in the FAC still impermissibly lump multiple Defendants together; and (3) Plaintiff yet again fails to adequately plead the "conduct" element. Mot. at 1-2. However, as explained below, the Court finds Defendants' third argument sufficient for disposition.[2]

"The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (*citing Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)).

In *Reves v. Ernst & Young*, the U.S. Supreme Court clarified what constitutes "conduct" for purposes of a RICO claim. 507 U.S. 170 (1993). The Court held, "to participate, directly or indirectly, in the conduct of such enterprise's affairs, one must have some part in directing those affairs." *Id.* at 179 (internal quotations omitted). As the Ninth Circuit explained, "In so doing, [the Supreme Court] rejected Reves's position that conduct should be read as 'carry on' so that almost any involvement would do."

---

[2] Even assuming Plaintiff has sufficiently pled alter ego as to the Priest LLC Defendants and assuming that Travis Lyon and Daryl Priest can be considered agents of the Priest LLCs, this *still* does not save Plaintiff's RICO claim.

*Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008). "While it is not necessary to be upper management to be liable[,]" it is also "not enough that [defendant] failed to stop illegal activity, for *Reves* requires 'some degree of direction.'" *Walter*, 538 F.3d at 1247-48 (quoting *Reves*, 507 U.S. at 179). "Simply performing services for the enterprise does not rise to the level of direction, whether one is inside or outside." *Id*. at 1249.

The prior Order noted, "[t]hat Defendants 'worked with Hebets to devise management and operations decisions at BCHF' is not enough. Plaintiff must plead more with respect to, for example, when, where, how each defendant allegedly took over BCHF's management and operations." *Id*. at 9. Despite this clear direction, Plaintiff did not cure this deficiency. Reviewing the factual allegations relevant to the Priest Leases Scheme, the associated paragraphs contain the exact same conclusory language previously rejected by the Court. *See* FAC ¶ 193 ("The Priest LLCs, Daryl Priest [], Travis Lyon and the Borrego Insiders worked together to devise a scheme…The Priest LLCs, Daryl Priest, Travis Lyons [sic] and the Borrego Insiders worked together to make management and operational decisions at Borrego Health[.]")

Plaintiff argues that it has pled sufficient facts showing these Defendants "both gave directions to and took directions from" the Borrego Insiders and occupied a position in the chain of command, pointing the Court to various allegations in the FAC. *See* FAC ¶¶ 30, 76, 80, 83-86, 105, 126, 191-200, 414-419. However, except for paragraphs 80 and 191-200, those cited by Plaintiff do not contain allegations relating to the Priest LLCs, or actions taken relating at all to the Priest Leases Scheme. Instead, these paragraphs largely cite allegations related Premier, Travis Lyon and two other schemes. *See, e.g.*, FAC ¶ 105 (Travis Lyon instructing BCHF employees), ¶ 126 (Premier employees, including Travis Lyon, providing training for contract dental program).[3]

---

[3] Expanding review beyond the cited paragraphs, the same pattern prevails. *See, e.g.*, FAC ¶ 79 ("hostile takeover" of contract dental spearheaded by Travis Lyon), ¶ 160 (instructing BCHF program integrity team).

5

1  The FAC simply lacks non-conclusory allegations that the any of the Defendants took part in managing or conducting the affairs of BCHF *that related in any way to the Priest Leases Scheme*, even when (improperly) viewed interchangeably with each other. Finally, even assuming Travis Lyon's actions related to Premier are sufficient to show he occupied a position of management or control within BCHF, the FAC does not allege a single action taken by Travis Lyon or Daryl Priest relating to the Priest Leases Scheme.

Accordingly, the Court finds Plaintiff has failed to plead the conduct element of its RICO claim for the third and final time.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's RICO claims.[4] Two prior orders identified the deficiency with the "conduct" element specifically, which Plaintiff has failed to remedy. At this point the Court is confident amendment is futile. *See Schreiber Distrib. Co.*, 806 F.2d at 1401.

Regarding Plaintiff's motion to consolidate, even with Plaintiff's attempted de-facto consolidation by adding allegations from the MSL complaint into the FAC, this does not cure the deficiency in the RICO claim. Absent the RICO claim, Plaintiff's remaining state law claims are distinct from the MSL fraud schemes and relate narrowly to the disputed leases. Having dismissed the claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). As such, the Court **DENIES** as moot Plaintiff's motion to consolidate.

The Court hereby **ORDERS** as follows:

1. Defendants' motion to dismiss Plaintiff's RICO claims is hereby **GRANTED** *with prejudice*.

2. Plaintiff's motion to consolidate is hereby **DENIED** as moot.

---

[4] If a plaintiff fails to adequately plead a substantive violation of RICO, it cannot allege a conspiracy to violate RICO. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). Thus, both of Plaintiff's RICO claims are dismissed.

3. Plaintiff's remaining state law claims are hereby **REMANDED** to the Superior Court for the County of San Diego.

  **IT IS SO ORDERED**.

Date: March 21, 2024.

                  _____
                  Hon. Judge Roger T. Benitez
                  United States District Judge